No. 14,616.

TOLER *v.* BARGAS.
(111 P. [2d] 1052)

Decided March 24, 1941.

Mr. FRANK H. HALL, for plaintiff in error.

Mr. JOHN N. MABRY, for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

CAROLINE E. TOLER, as plaintiff, instituted an action in the district court of Las Animas county against her sister, Marie Rose Bargas, to partition the real property described in the complaint, to divide certain furniture, and for an accounting of the rents and profits of the real property during the time that defendant allegedly withheld possession from plaintiff. Plaintiff alleged that she and defendant are tenants in common by virtue of a conveyance by warranty deed from their mother, Helena M. Medina, dated July 16, 1935, recorded on September 16, 1935, after the death of the mother on August 6, 1935. Defendant admitted the tenancy in common, but affirmatively alleged that she was the owner of an undivided three-fourths interest in the real estate and that plaintiff was the owner of an undivided one-fourth interest therein; that the property was originally acquired by defendant and her mother by warranty deed dated July 1, 1922, under which she and her mother each owned an undivided one-half interest in the property. Defendant further alleges that shortly prior to the death of her mother, she, the defendant, signed an instrument in writing which she later learned was a purported deed of conveyance of her share of said property, but that at the time of said signing she did not know that it was or purported to be a deed or instrument of conveyance, and that she did not thereby divest herself of her undivided one-half interest in said property, and that she has not since done so. Defendant further alleged that she and the plaintiff are the only surviving children of the said Helena M. Medina. Defendant admitted that plaintiff was the owner of an undivided one-half interest in certain articles of furniture belonging to the mother at the time of her death. Plaintiff in her reply denies that the defendant owned any interest in said property immediately preceding the death of her mother, the said Helena M. Medina.

On conflicting evidence the court entered judgment directing that the furniture owned by the mother

at the time of her death be sold and the proceeds thereof divided equally between the parties. Nothing further need be said concerning such personal property involved in this action as we think the judgment of the court in this respect is supported by competent evidence and should stand.

Plaintiff proved the execution of the deed by Helena M. Medina to herself and defendant jointly under date of July 16, 1935, introduced testimony of her ejection from the premises by the defendant shortly following the death of her mother, and of the rental value of the property during the period she had been excluded from the use of her interest therein, and rested. It is not necessary to set forth in detail the testimony introduced in the record by defendant. It is sufficient to state that she presented evidence showing that at the time Mrs. Medina made the joint deed to her two daughters defendant Bargas executed a quitclaim deed to the mother vesting her with the full title to the property involved. Over objections made and repeated on the ground that there was no issue made by the pleadings as to mutual mistake, the defendant also introduced testimony to the effect that Mrs. Bargas did not know that she was signing a conveyance when she executed the quitclaim deed to her mother and that she did not intend to make a conveyance of the property to her, and that such conveyance was made and the deed executed as a result of a mutual mistake of fact. The scrivener who drew the deed testified that from the papers shown him he was of the opinion at the time, and so informed Mrs. Medina, that the entire title to the property was in her daughter, Mrs. Bargas, and that she had no title to convey or dispose of by will; that it was Mrs. Medina's expressed desire that each of her daughters should receive an undivided one-half interest in the property, and that as a means of effectuating this desire he drew a quitclaim deed conveying the whole of the property to Mrs. Medina and then the warranty deed conveying

the title jointly to plaintiff and defendant. From this testimony it would appear that the deed made by defendant Bargas to her mother was a part and parcel of the means adopted to enable the mother to convey a half interest in the property to each of her daughters. The court found that as to the quitclaim deed executed by defendant Bargas there was a mutual mistake of fact and decreed said deed to be null and void and of no force and effect and that the same be cancelled of record. By the same decree the court permitted the deed by the mother to stand and held that the effect thereof was to vest title to a half of the mother's interest in the property, or one-fourth thereof, in each of her daughters, thus leaving Mrs. Bargas the owner of an undivided three-fourths interest, and plaintiff Toler the owner of an undivided one-fourth interest, in the property. A partition on this basis and an accounting between the parties, charging Mrs. Bargas with the rents and profits and crediting her with taxes and reasonable expenses shown by the evidence to have been incurred by her in maintaining the property, was provided for by the decree.

■ As we have stated, this testimony as to mutual mistake was admitted over the strenuous objections of counsel for plaintiff on the theory that such issue was not made by the pleadings, and plaintiff has preserved her rights under these objections by sufficient assignments of error raising the point here. We are of the opinion that there was no issue of a mutual mistake of fact in the execution by Mrs. Bargas of the quitclaim deed presented by the pleadings, and that it was error for the court, on the state of the pleadings, to admit evidence thereof. We do not set forth the specific testimony in detail because no good purpose would be served thereby, and, since the cause must be sent back for rehearing, if tried on the same pleadings, the evidence can and should be restricted to the issues presented.

In the light of a possible retrial on the present pleadings it should be noted that the court, in decreeing the quitclaim deed of defendant Bargas null and void for a mutual mistake of fact, assumes that Mrs. Medina—who was advised by the scrivener that she had no interest in the property when in fact she had a half interest therein—if properly advised that she then owned a half interest, notwithstanding would have executed the deed conveying a half of her half interest to each of her daughters. We think the record of the testimony as it stands in this case did not warrant the court in making such assumption, for the deed executed by defendant Bargas was but one step in the proceedings by which Mrs. Medina was to obtain title to all of the property so she could make an equal division thereof between her daughters. If properly advised of the facts she could have accomplished such objective by deeding her half of the property to her daughter, Mrs. Toler, without any quitclaim to her from Mrs. Bargas. If the vice of mutual mistake entered into one of the means which was ancillary to the accomplishment of the result which Mrs. Medina attempted to accomplish, under a mistaken conception of what interest she held, then we think it clear that this vice continued throughout the process of accomplishing the desired objective, and that the court's holding in this case that under the evidence as here presented the quitclaim deed from defendant Bargas was void, would necessitate also a holding that the deed from Mrs. Medina executed at the same time to her daughters was void.

For the reasons indicated the judgment of the district court is reversed except in so far as it affects the personal property, concerning which it is affirmed, and the cause is remanded for further proceedings consistent with the views herein expressed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE KNOUS, and MR. JUSTICE BURKE concur.