No. 19,044.

ARNOLD FRYE *v.* FRANK W. SWITZER, TRUSTEE, ETC.

(359 P. [2d] 370)

Decided February 6, 1961.

Mr. NATHAN LEE BAUM, for plaintiff in error.

Mr. JAMES E. FAIRCHILD, JR., for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiff in error as Frye and to defendant in error as plaintiff.

In the complaint filed in the trial court plaintiff alleged that Frye was indebted to Professional Paints, Inc., in the amount of $539.07, which claim had been transferred to him for collection. Upon demand of Frye a bill of particulars was filed which clearly indicated the complaint was based on an open account carried on the books

of Professional Paints, Inc., in the name of "Dennerly & Fry." Frye denied liability on the claim. The issues were tried to the court without a jury. The controlling question in the trial of the case was pointed up by the following events which we quote from the record:

"THE COURT: Can it be admitted that the assignor of the plaintiff sold the commodities in question to either Arnold Frye or the corporation, and that money is due and owing to the plaintiff, depending on whether or not the defendant is a corporation? The only issue here, then, is whether or not this is the right party in interest.

"MR. TELLIS: I think that is the case in a nut shell, your Honor.

\* \* \*

"MR. BAUM: We also stipulate that between the dates of October 18, 1954, and September 1, 1958, Dennerly & Frye Construction Company was a corporation \* \* \*.

\* \* \*

"THE COURT: \* \* \* the only issue is whether or not the defendant is individually liable *or* whether the corporation is liable." (Emphasis supplied.)

The court entered findings of fact that Dennerly & Frye Construction Company was a corporation and that Professional Paints, Inc., was charged with knowledge that it was doing business with a corporation. There was abundant evidence to support this finding. Under the stipulated issue to be tried, as well as the issues framed by the pleadings as limited by the bill of particulars, the action against Frye individually should have been dismissed upon entry of these findings of fact. However, over objection of counsel for Frye the trial court admitted evidence concerning certain conversations between representatives of Professional Paints, Inc., and Frye which assertedly took place subsequent to the date of the last entry on the account and at a time when Dennerly & Frye Construction Company was having difficulty in meeting the claims of its creditors. The

following appears in the testimony of Frye in this connection, which we think clearly indicates the extent of the commitment made by him on which the court based its judgment:

"Q. Now, I believe Mr. Silver and Mr. Lichtenstein both stated that during their conversations with you, you promised to make payment on the account if they would forbear the filing of liens.

"A. As *we* could, because the *corporation* had homes that they had money coming from, surely." (Emphasis supplied.)

■ Mr. Lichtenstein and Mr. Silver were agents of Professional Paints, Inc. The latter testified that Frye told him that, "The balance of this account would be paid." Dennerly & Frye Construction Company were engaged in the building of houses, and were attempting to sell them. Silver testified that Frye said he would pay the balance due on the account out of "closings" that he had coming up in the very near future. The evidence was that the corporation, not Frye, was building homes. It was the corporation, not Frye, which was "closing" deals for the sale of homes.

The court entered judgment against Frye for the amount of plaintiff's claim on the ground that Frye had made himself liable personally by entering into a new contract with Professional Paints, Inc., to pay the amount of the claim in consideration of the forbearance of the latter in withholding the filing of a materialman's lien against the property.

We think it sufficient to say that the trial court erred in entering judgment against Frye upon a claim which was not the one clearly identified by the record at the time of the trial, and which was not within the stipulation made by the parties concerning the issue to be determined by the court. Counsel for Frye objected to evidence offered which tended to go beyond the issue as thus framed, and the court erred in considering that evidence which, even if properly received, was insuffi-

cient as a matter of law to warrant entry of a judgment against Frye. In *Toler v. Bargas,* 107 Colo. 345, 111 P. (2d) 1052, this court said, " * * * the evidence can and should be restricted to the issues presented."

No good purpose would be served in discussing other grounds urged for reversal since what we have said requires reversal with directions to dismiss the action. It is so ordered.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.