No. 20697.

JOHN R. WALL *v.* JOHANNES LINDNER, ETC.
(410 P.2d 186)

Decided January 17, 1966. February 7, 1966, opinion modified and as modified rehearing denied.

SAMUEL J. EATON, for plaintiff in error.

DONALD E. LA MORA, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS writ of error is directed to a judgment in the district court of Pueblo County against an attorney for refund of part of the fee collected by him from his client, defendant in error. We will refer to the parties as the attorney and client.

The fee paid was pursuant to a contingency contract in which the client agreed to pay to the attorney a sum equivalent to 50% of any property or moneys recovered in a suit seeking to set aside conveyances of property by the client to a woman under circumstances which the attorney advised the client would probably be provable as a fraud upon and an overreaching of the client. After drafting and having executed the contingency contract, the attorney filed in the district court of Morgan County a complaint grounded upon fraud. It was not long after the filing of the complaint that the attorney discovered the parties were married and this action which he had commenced could not be sustained under the circumstances of this case.

Thereupon the attorney dismissed the action filed on the grounds of fraud and overreaching. He then brought

a divorce action seeking therein an equitable division of the property acquired by them during the marriage. A divorce decree was granted to the wife on her cross-complaint after a brief hearing was held as a non-contested matter. The parties, through their attorneys, entered into a property settlement agreement whereby the client was to receive one half of the proceeds of the principal property involved. This sum amounted to slightly in excess of $24,000.

In order to enforce this contingency contract, the attorney filed an attorney's lien with the court based on the contract, and out of the client's $24,000 received a total fee of $12,479.57, representing 50% of the property settlement received by the client plus some costs expended.

The client brought suit against the attorney on the ground that the fee was excessive, unfair, unconscionable, and bore no relationship to the services rendered by the attorney in the divorce suit; that the payment was made by the plaintiff under mistake in fact and law; that the fee contract being contingent upon recovery of the property in the divorce action was void as contravening public policy and good public morals. He asked that the court determine the just and reasonable compensation for the legal services rendered and that judgment be entered against the attorney for the amount of any excess determined by the court to have been paid over and above reasonable and equitable attorney fees.

A trial was had to the court. The court entered findings of fact and conclusions of law and determined the issues in favor of the client. The court found the contract to be void and made a further determination that a reasonable fee based on services rendered plus costs expended was $2,795.67. The judgment, therefore, representing the difference between the amount collected and the fee which the court determined as just and reasonable, was for $9,683.90. Interest from the date of the

payment of the fee was also awarded and made part of the judgment.

The attorney alleges as grounds for reversal: (a) error by the trial court in its determination that the contract was void; (b) error by the court in receiving evidence on the basis of quantum meruit; (c) entry of a judgment not in conformance with the evidence.

The first question to be determined is whether the contract between the parties was valid, and whether the court was bound in law to honor it. We determine that the court was correct in setting aside the contract as being against public policy.

There is little dispute in the record that what started out to be a suit based on alleged fraud and upon which the contingency contract was drawn had to be dismissed. The attorney discovered after filing the "fraud" suit what he might well have found out before filing it, namely, that he was dealing with property matters between a husband and wife who had been married for many years. He obtained nothing in that law suit. Futhermore, he was the one who petitioned the court to have the case dismissed.

The attorney's attempt to carry the contingency agreement into the new law suit, seeking a divorce and division of property, cannot be condoned in the law. It was early determined in Colorado, and has been the rule ever since, that a contingency contract based upon obtaining a decree in divorce and awards of alimony, or property, or both, is void as against public policy. See *Wigton v. Wigton*, 73 Colo. 337, 216 Pac. 1055. The rule is similar in other jurisdictions. One of the best discussions, with enumerations of many cogent reasons for not honoring such contingency contracts, may be found in *Theisen v. Keough*, 115 Cal. App. 353, 1 P.2d 1015. Also in *Wiley v. Silsbee*, 1 Cal. App.2d 520, 36 P.2d 854, the court said:

"It is likewise now established as a proposition of substantive law that, in a case of a contract to pay for

services which is void as against public policy, there arises an implied contract to pay for services rendered thereunder, * * * in quantum meruit * * *."

■ On the question whether the evidence supports the amount of the fee determined by the court to be just and reasonable, several attorneys testified as experts and gave their opinion in this case. Some gave a higher figure and others a smaller one commensurate with the fee determined by the court. In addition, the court had before it for consideration the minimum fee schedule published by the Bar Association of Pueblo County. It is fundamental that, on review, this court will not disturb a determination of the trial court based on disputed evidence. This rule governs even though such evidence may involve conflicting expert opinions. This principle is so elementary that we no longer cite authorities in support of it.

■ One other question proposed by this writ of error is whether the court was correct in awarding interest on the judgment from the date of the payment of the fee. The action was in the nature of one for money had and received. The complaint prayed for interest from the date of the filing. The law provides for it, and the courts have always awarded it in such cases. The inclusion of interest should have been from the date of filing.

The judgment is affirmed but modified to provide for interest from the date of filing of the complaint.

MR. JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.