No. 12996

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

SCHOOL DISTRICT NO 4, Lincoln County,
Montana,

Relator and Appellant,

-vs-

DOLORES COLBURG, Superintendent
of Public Instruction, State of
Montana, and JAMES G. SICHTING,

Respondents and Respondents.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert Keller, Judge presiding.

Counsel of Record:

For Appellant:

Smith, Smith & Sewell, Helena, Montana
Chadwick H. Smith argued, Helena, Montana
William A. Douglas appeared, Libby, Montana

For Respondents:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
McKittrick and Duffy, Great Falls, Montana
Carroll C. Blend argued, Great Falls, Montana
Fennessey, Crocker and Harman, Libby, Montana
David W. Harman argued, Libby, Montana

---

Submitted: February 4, 1976

Decided: MAR - 8 1976

Filed: MAR

Thomas J. Kearney
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This appeal is from a judgment of the district court, Lincoln County, which affirmed a decision of respondent State Superintendent of Public Instruction in a matter where appellant, Board of Trustees of School District No. 4, Lincoln County, decided not to renew a teaching contract and the County Superintendent and the State Superintendent reversed that holding.

The Board of Trustees of School District No. 4, Lincoln County, relator and appellant, hereinafter referred to as Trustees, determined at a Trustees' meeting on March 20, 1972, that the teaching contract of James G. Sichting would not be renewed for the 1972-73 school year. A letter from the District Superintendent informed Sichting of this action taken by the Trustees. Following a request from Sichting for a statement of reasons for the Trustees' decision pursuant to section 75-6104, R.C.M. 1947, the District Superintendent replied by a letter stating six reasons for the termination on April 1, 1972. At Sichting's request a hearing before the Trustees was held April 24, 1972. At that hearing the Trustees reaffirmed their decision not to renew Sichting's contract.

That decision was appealed by Sichting to the Lincoln County Superintendent of Schools. Prior to the hearing, counsel for the Trustees and for Sichting met in an effort to define the issues to be heard. Subsequently, at the hearing counsel for the Trustees read a stipulation into the record. Counsel for Sichting made no objection to the stipulation. When at the hearing counsel for the Trustees introduced letters which related to the stipulation, Sichting's attorney stated they were acceptable "to show the procedural steps." Following testimony of witnesses for both parties, the County Superintendent reversed the decision of the Trustees because the letter of April 1, 1972 to Sichting failed to meet requirements of section 75-6104. This decision was appealed to the State Superintendent who affirmed the County Superintendent on August 10, 1972.

The Trustees then sought to have the decisions of the State Superintendent and County Superintendent set aside by the district court. That court remanded the matter to the County Superintendent for further testimony regarding the stipulation, and whether Sichting was given sufficient notice by the April 1, 1972 letter. Thereafter the County Superintendent again reversed the Trustees' decision. On appeal to the State Superintendent, the County Superintendent's decision was affirmed.

The next procedural step was a petition for certiorari for review of the State Superintendent's decision taken by the Trustees to the district court. Affirmance of the State Superintendent's decision precipitated this appeal.

These issues are set forth on appeal, but a consideration of Issue No. 3 is actually determinative. We discuss the others in that context.

1) Whether the letter of April 1, 1972, from District Superintendent Watkins to Sichting purporting to state the reasons for termination was supplied by the Board of Trustees of the School District as required by section 75-6104, R.C.M. 1947?

2) Whether the letter of April 1, 1972, was a statement declaring clearly and explicitly the specific reasons for termination, as required by section 75-6104, R.C.M. 1947?

3) Whether a stipulation entered into by the counsel of record at the hearing on May 16, 1972, was binding and effectively precluded consideration of the section 75-6104, R.C.M. 1947, requirement that the April 1, 1972 letter declare "clearly and explicitly the specific reason or reasons for the termination of his services * * *."

Simply put, the basis for this appeal from the reversal of the Trustees April 24, 1972 decision to reaffirm their earlier decision not to renew Sichting's teaching contract revolves about the Trustees' compliance with statutory procedures of notification to the teacher. Only the hearing before the Trustees on April 24, 1972, actually reached the merits of the reasons for the nonrenewal of Sichting's contract.

- 3 -

We discuss first the matter of the stipulation before the County Superintendent. There is no dispute that prior to the hearing counsel for the Trustees and counsel for the teacher met with the County Superintendent concerning management of the hearing. It is also not disputed that these same counsel, with the addition of Gary Christiansen, co-counsel for Sichting, were present at the hearing before the County Superintendent on May 26, 1972. At that time the County Superintendent read this statement into the record:

> "At a pre-hearing conference, the following stipulations were agreed upon by counselors:
>
> "(1) That Mr. Sichting, an Industrial Arts Teacher in the Libby Junior High School, is entitled to the protection of the Teacher Tenure Statutes;
>
> "(2) That the Board of Trustees resolved by majority vote of its membership to terminate his services at the end of the current school year, and that he was so notified;
>
> "(3) That thereafter he requested and received a written statement, clearly and explicitly declaring the specific reason for termination of his services;
>
> "(4) That he then requested a hearing before the Board to reconsider its decision;
>
> "(5) That the Hearing so requested was held and the Board reaffirmed its decision to terminate his services.
>
> "It now becomes the duty of the County Superintendent to determine the truth of the charges, and their sufficiency to support the termination. In the trial of this issue, the burden of proof initially rests upon the Respondent School Board. With that, Mr. Douglas, you may begin." (Emphasis supplied.)

Counsel for Sichting raised no objection to the stipulations. Statements from Mr. Christiansen only clarified that he was not present at the prehearing conference and explained the presentation of the summation of Sichting's case.

Later at the May 26, 1972 hearing, Christiansen made this statement with regard to letters referring to Items (2) and (3) of the stipulation:

> "MR. CHRISTIANSEN: Your Honor, if these are offered solely to show the procedural steps, we have no objection. If they are offered to show the proof of

- 4 -

any basis for the action, we would object to them on that grounds.

"MR. DOUGLAS: Your Honor, or Mr. Superintendent, excuse me, we offer these only to show the procedural steps that were taken.

"MR. CHRISTIANSEN: With that explicit understanding, we would have no objection"(Emphasis supplied.)

Taken together with the understanding of the stipulation indicated by Mr. Christiansen in his deposition, it appears clear that counsel intended to limit the issues to be considered at the hearing before the County Superintendent. On review of the State Superintendent's affirmance of the County superintendent's decision, the district court was bound by the stipulation of the parties unless contrary to law, court rule, or public policy. Capital Nat. Bank of Sacramento v. Smith, 62 C.A.2d 328, 144 P.2d 665.

Here, both parties agreed the issue to be resolved was the substance and truth of the charges against Sichting and whether they merited his termination. Of such a stipulation the Supreme Court of Kansas in Manhattan Bible College v. Stritesky, 192 Kan. 287, 387 P.2d 225,228, said:

"* * * A stipulation that only one issue, or only particular issues, are involved authorizes entry of judgment for the one party or the other as the stipulated fact or issue is decided. * * * Where parties by stipulation prescribe the issues on which the case is to be tried, they are estopped from thereafter asserting that the case was tried or submitted on the wrong theory; and a stipulation of this nature, unlike a stipulation which merely eliminates a single issue, amounts to a binding waiver or elimination of all issues not included."

In the instant case, counsel for Sichting waived any objections to the sufficiency of the notice in the April 1, 1972 letter; such waiver of an advantage of any provision of a law intended solely for his benefit is proper. Section 49-105, R.C.M. 1947; Shea v. North-Butte Min. Co., 55 Mont. 522, 538, 179 P. 499; Commercial Credit Co. v. O'Brien, 115 Mont. 199, 216, 146 P.2d 637.

Thus the district court erred, as a matter of law, in basing its judgment on a conclusion of law concerning a claim not within the stipulation made by the parties concerning the issue to be determined. Frye v. Switzer, 145 Colo. 401, 359 P.2d 370,371.

Further discussion of the sufficiency of the notice in the April 1, 1972, letter is unnecessary in view of our determination the parties stipulated to its completeness.

Next, we consider the conclusion reached by the district court that the statement of reasons given to Sichting by the District Superintendent did not satisfy the requirement of section 75-6104, R.C.M. 1947, which provides that such a statement shall be supplied by the Trustees. In our view such an argument exalts form over substance. The stipulation noted heretofore states in part:

> "(2)   That the Board of Trustees resolved by majority vote of its membership to terminate his services at the end of the current school year, and that he was so notified". (Emphasis supplied.)

It cannot be disputed then that the Trustees did resolve not to renew Sichting's contract.

Considering whether the delegation of the statutory responsibility to notify the teacher was proper, we take note of the discussion in the Anno. 92 ALR2d 751,763:

> "The statutes requiring that a teacher who is to be discharged, or whose contract is not to be renewed, be given notice of the matter, ordinarily specify the person or officials to give the notice in question, and the sufficiency of such notice has sometimes been attacked, although with little success, on the ground that the action was taken by one other than the authorized officials." (Emphasis supplied.)

The annotation cites two cases. In Baugh v. Board of Education, 244 Ala. 522, 14 S.2d 508, and Knickerbocker v. Redlands High School District, 49 Cal.App.2d 722, 122 P.2d 289, the courts held that notification of a decision already reached by the school board

and sent by the superintendent did not constitute an improper delegation. The superintendent's action here was purely a ministerial one by the chief executive officer of the Trustees. Hence the conclusion of the district court on this issue was error, as a matter of law.

In sum, section 75-6104, R.C.M. 1947, was fully complied with by the Trustees in their action notifying Sichting of the nonrenewal of his teaching contract. There is thus no legal basis for the reversal of that decision by the County Superintendent and the subsequent affirmance of the County Superintendent by the State Superintendent. Similarly, it was reversible error for the district court on certiorari to base its judgment on noncompliance with the procedures provided for in that statute and for it to neglect a valid stipulation of the parties.

The judgment of the district court is reversed and the cause remanded for entry of judgment in accordance with this opinion and the Trustees' decision of April 24, 1972.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 7 -