Erika HAWKINS, Plaintiff-Appellee and Cross-Appellant,

v.

William A. POWERS, Defendant-Appellant and Cross-Appellee,

and

Martin DuMont, Intervenor.

Nos. 79CA0638, 79CA0944.

Colorado Court of Appeals, Div. III.

July 23, 1981.

Rehearing Denied Aug. 27, 1981.

Certiorari Denied Nov. 2, 1981.

Branney & Hillyard, Joseph J. Branney, Englewood, Sandra Younghans, Boulder, Criswell & Patterson, John A. Criswell, Englewood, for plaintiff-appellee and cross-appellant.

William A. Powers, Littleton, pro se.

KIRSHBAUM, Judge.

These consolidated appeals involve a single civil action commenced by a client, Erika Hawkins, against her attorney, William Powers. After a trial to court, judgment was entered for Hawkins and against Powers in the amount of $27,618.80. Powers appeals the judgment against him, and Hawkins appeals the denial of her claim for pre-judgment interest. We affirm.

The record reveals that between 1973 and 1976 Powers represented Hawkins in several different legal proceedings. While investigating the initial matter in which he represented Hawkins, Powers discovered information suggesting that Hawkins' ex-husband had committed fraud in connection with prior divorce proceedings. A fraud action was filed by Hawkins against her ex-husband, and Powers was retained to represent her pursuant to a written contingency fee agreement.

The trial of that civil action resulted in a judgment in favor of Hawkins and against her ex-husband in the amount of $950,000 plus interest. That litigation ultimately was settled pending appeal for $684,000. At that time Hawkins agreed to pay Powers $342,000 out of the settlement proceeds for all attorney fees owed in all cases in which Powers had represented Hawkins.

Powers received $117,836.18 from the first installment of the settlement proceeds. Thereafter, Hawkins filed this action against Powers, alleging that he fraudulently induced her to enter into the 1973 contingency fee agreement and that the agreement was unconscionable. Immediately prior to the scheduled commencement of trial, the parties informed the trial court that they had reached agreement on numer-

ous issues in the case and jointly requested a continuance to attempt to resolve the matter fully. After a stipulation was read into the record, the trial court continued the matter. That stipulation provided that the parties agreed to set aside the 1973 contingency agreement, that Hawkins waived all fraud and exemplary damage claims against Powers, and that if the parties could not agree on the reasonable value of all legal services provided to Hawkins by Powers, the trial court would determine the value of those services under principles of *quantum meruit.*

The parties failed to agree on the value of Powers' services, and the case ultimately was tried to the court. The opening statement of Powers' attorney began as follows: "This case is before the court on an issue of attorneys' fees on *quantum meruit* basis." Based on expert testimony presented by both parties, the trial court concluded that Powers was entitled to $97,000.88 as attorney fees for his various representations of Hawkins. The trial court then considered the costs incurred in the various lawsuits and concluded that Hawkins had overpaid Powers by the amount of $27,618. The trial court denied Hawkins' claim for pre-judgment interest on that sum.

■ Powers initially argues that the trial court erred in denying his pretrial motions to dismiss for failure to state a fraud claim and for judgment on the pleadings. However, the case was tried on the sole issue of *quantum meruit* pursuant to the stipulation of both parties. Thus, Powers waived any right to challenge the pleadings insofar as they alleged claims based on fraud. *Frye v. Switzer,* 145 Colo. 401, 359 P.2d 370 (1961); *Oil Building Corp. v. Petroleum Club, Inc.,* 531 P.2d 998 (Colo.App.1974) (not selected for official publication).

■ Powers also contends that the trial court abused its discretion in denying his "motion to consolidate" this action with the *Hawkins v. Hawkins* fraud action. Although denominated a motion for consolidation, the motion in fact requested only that the trial judge who had presided at the *Hawkins v. Hawkins* trial be appointed to try the *Hawkins v. Powers* case. Moreover, the dispute over the proper amount of attorney fees here arose after the completion of the primary litigation; hence, the decision of *Gee v. Crabtree,* 192 Colo. 550, 560 P.2d 835 (1977), relied upon by Powers, is not controlling. Under the circumstances here, the trial court did not abuse its discretion in denying Powers' motion.

■ Powers next argues that the judgment entered failed to comply with C.R.C.P. 52 and 58(a)(2) and that the trial court erred in not making a determination concerning the complexity or difficulty of the *Hawkins v. Hawkins* litigation. However, Powers failed to preserve these issues for review in his motion for new trial or in his motion to amend judgment. Hence, we do not consider them on appeal. C.R.C.P. 59(f); *Furer v. Allied Steel Co.,* 174 Colo. 171, 483 P.2d 212 (1971).

■ Powers also asserts that the judgment of the trial court is not supported by the evidence. We disagree.

The expert witnesses called by the parties expressed widely divergent opinions respecting the value of the services rendered to Hawkins by Powers. When, as here, there is sufficient evidence to support the trial court's resolution of such factual disputes in a *quantum meruit* action, this court may not disturb the trial court's ultimate findings. *Wall v. Lindner,* 159 Colo. 83, 410 P.2d 186 (1966).

■ Powers' argument that the trial court erred in denying his post-trial motion to amend the pleadings to conform with the evidence is without merit. *See Frye v. Switzer, supra.* His final argument, that the trial court erred in rulings respecting his attorney liens, is moot in light of our affirmance of the trial court's decision.

Hawkins argues on cross-appeal that the trial court erroneously denied her claim for pre-judgment interest. We disagree.

■ A client who brings suit requesting the trial court to determine reasonable compensation for legal services rendered by an attorney is entitled to interest from the

date of filing of the action where the attorney has retained funds greater than the amount of the judgment and where the complaint requests interest from the date of the filing. *Wall v. Lindner, supra.* Here, however, Hawkins' *quantum meruit* claim, as set forth in the oral stipulation of the parties, did not include a request for pre-judgment interest. Hence, the record supports the trial court's conclusion that the parties did not contemplate a judgment for interest at the time of the stipulation.

Judgment affirmed.

ENOCH, C. J., and BERMAN, J., concur.