**RED CARPET ARMORY REALTY COMPANY, Plaintiff-Appellant,**

v.

**GOLDEN WEST REALTY, JEFFERSON COUNTY BOARD OF REALTORS, a Colorado corporation, Elmer Leiker, Joe Farrell, Wendell Bridwell, Florence Kipp and Francis Postelle, individually, Defendants-Appellees.**

**No. 81CA0653.**

Colorado Court of Appeals,
Div. III.

March 18, 1982.

Jerald J. Devitt, William B. Lucas, Golden, for plaintiff-appellant.

Fox & Porter, P. C., Maurice F. Fox, Wheat Ridge, for defendants-appellees.

STERNBERG, Judge.

The issue presented by this appeal is whether a real estate arbitration panel may award a lesser amount than that sought, or whether it must award either the amount prayed for, or nothing. We hold that the panel may award an amount different from that sought and, therefore, affirm.

The plaintiff, Red Carpet Armory Realty Company, and defendant, Golden West Realty, are both licensed real estate brokers. Red Carpet closed the sale of a business and received a commission in the amount of $18,200. Golden West claimed it had found the purchaser and therefore was entitled to $7,280, or 40% of that commission. The claim was submitted to arbitration through the defendant Board of Realtors, and, after hearing, the arbitration panel awarded Golden West 32%, or $5,824, of the commission.

Red Carpet filed this suit against Golden West, the Board of Realtors, and the arbitration panel alleging that the panel had exceeded its powers. In essence Red Carpet maintains that the panel had to award Golden West either the entire 40% of the commission, or nothing, depending on whether Golden West was found to be the procuring cause of the sale. Apparently this percentage is the one customarily paid by the listing broker to another broker who finds a purchaser.

Golden West, on the other hand, being satisfied with the award, argues that the case is controlled by language contained in

the arbitration agreement: That both parties agreed that they would "abide absolutely by the award and findings of the arbitrators."

Settlement of disputes by means of arbitration is strongly favored. *Sandefer v. District Court*, Colo., 635 P.2d 547 (1981). Here, we are dealing with a blanket agreement to submit to arbitration. The arbitration agreement contains no restrictions on the power of the arbitration panel, and as noted above, the parties had agreed to "abide absolutely" by the decision. Thus, the arbitration agreement controls and we may not supersede it. *Water Works Employees Local No. 1045 v. Board of Water Works*, Colo.App., 615 P.2d 52 (1980).

The parties stipulated in this action that there was valid consent to arbitration, that there was no defect in the hearing process, and no fraud, collusion, or wrongdoing on the part of any party. Also, the parties contracted to give blanket powers to the arbitration panel. Thus, the award may not be vacated under any provisions of § 13–22–214(1), C.R.S.1973 (1981 Cum. Supp.).

Because Red Carpet's contention that there were no findings of fact by the arbitration panel explaining its decision was not raised below, and because it did not apply for clarification of the arbitrators' award pursuant to § 13–22–211, C.R.S.1973 (1981 Cum.Supp.), we do not address this contention.

The judgment is affirmed.

KIRSHBAUM and TURSI, JJ., concur.