**In re the MARRIAGE OF Joan O'BRIEN, Appellee,**

**and**

**Richard O'Brien, Appellant.**

**No. 84CA1283.**

Colorado Court of Appeals, Div. I.

May 5, 1988.

Rehearing Denied May 26, 1988.

Certiorari Denied Aug. 29, 1988.

Balaban & Levinson, P.C., Harlan G. Balaban, Denver, for appellee.

Lozow, Lozow and Elliott, Michael D. Shangraw, Gary Lozow, Denver, for appellant.

METZGER, Judge.

Richard O'Brien (husband) appeals the trial court's order requiring him to pay the attorney fees and costs incurred by Joan O'Brien (wife) in this dissolution of marriage proceeding. He argues, *inter alia,* that the trial court erred in finding the existence of a fee agreement between him and wife's attorney and in ordering him to pay wife's attorney fees pursuant to that agreement. We vacate the order, and remand for further proceedings.

In the spring of 1983, wife met with an attorney concerning a contemplated dissolution of marriage action. At that time, the attorney gave her a fee agreement which provided in pertinent part:

"The ultimate fee in this matter will be determined on the following factors:

(1) The time and labor required; novelty and difficulty of the questions involved, and skill requisite to perform the legal services properly.

(2) The fee customarily charged in this area for similar legal services.

(3) The amount involved and the results obtained.

(4) Time limitations imposed on this office by the circumstances of the case.

(5) The nature and length of time involved in concluding the matter.

(6) The experience, reputation and ability of the lawyer and legal assistants in the office performing the services.

The above factors are the Bar Association's recommended criteria as approved by the State Supreme Court for determining fees.

In the intervening period, that is from the time of commencement of your action until such time as the final billing is determined, we will require a non-refundable $[1,500] retainer fee against which we will bill on a monthly basis of $[150] per hour for my time and $[45] per hour for legal assistants' time.

. . . .

For further clarification, the hourly rate and retainer fee described herein will be utilized so that this office will be compensated on some basis as the case proceeds, but the ultimate fee will be determined on the basis of the criteria enumerated on page one of this letter agreement."

The wife did not sign the fee agreement, but took it with her.

Some time later, both parties met with the attorney. They had independently reached a tentative separation agreement and asked the attorney to draft the necessary documents.

The attorney testified that, at that meeting, he explained the fee computation method set out in the retainer agreement, that the amount of the fee would be determined at the conclusion of the case based on the factors listed in the agreement, and that the husband agreed to pay his fees by nodding his head in assent. The husband did not receive or sign a copy of the retainer agreement, but he did give the attorney $1,500 as a retainer.

The husband testified that the attorney told him the fee would be $150 per hour for attorney time, $45 an hour for paralegal time, plus the $1,500 retainer fee. His understanding was that he agreed to pay only the hourly rate, plus the retainer. He testified that no discussion of a "bonus" arrangement occurred and, if it had, he would have made further inquiry concerning its terms "rather than just leave it open-ended...."

Negotiations between the husband and wife broke down, discovery problems ensued as the case progressed, and the husband ultimately retained separate counsel. A settlement agreement was finally reached on all issues except attorney fees, which the parties agreed to submit for the court's determination. The husband maintained that he was obligated to pay only $8,600, the sum of attorney and paralegal hours devoted to the case at their respective hourly rates, plus the retainer amount.

After hearing the testimony of the wife's attorney and of the husband and reviewing the court file, the court found that the husband did agree to pay the attorney fees "even though he was not aware of how much the attorney fees would be, and that it was agreed that the attorney fees would be determined at a later date." The court further determined that, in view of the complexity of the case and pursuant to Code of Professional Responsibility DR 2–106, $25,000 was a reasonable fee, and it ordered the husband to pay that amount to the wife's attorney. This appeal then ensued.

■ The husband contends that the trial court erred in finding that he and the wife's attorney entered into a fee agree-

ment because its open-ended terms were too indefinite to allow a meeting of the minds. Thus, he contends, the court erred in awarding fees based thereon. We agree.

The existence of a contract is a question of fact to be determined by the trier of fact in the first instance. *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882 (Colo.1986). We will not substitute our judgment for that of the trial court unless its judgment is clearly erroneous. *I.M.A., Inc. v. Rocky Mountain Airways, supra.*

Nevertheless, even taking all of the facts in the light most favorable to the trial court's findings, we conclude that the court's resolution of this issue constituted error. A fundamental contractual requirement is that of certainty: the minds of the parties must have met and the terms must be sufficiently definite in order for a contract to come into existence. *Stice v. Peterson*, 144 Colo. 219, 355 P.2d 948 (1960). While the court may supply some contractual terms, it cannot make a contract. *Stice v. Peterson, supra.*

Here, there is no document which embodies the so-called agreement of the parties. The written fee agreement was not signed by the husband. In addition, the attorney did not memorialize the fee agreement in any form.

Moreover, the husband testified that, although he initially agreed to pay the wife's attorney fees, he did not agree to pay any amount of fees the attorney might choose to charge, nor did he agree to pay a "bonus" for the work performed. The attorney testified that he explained the provisions of the agreement and that the husband agreed to pay by nodding his head. However, the attorney did not bill the husband and did not present his bill for services until the hearing on the attorney fee issue. Under these circumstances, we hold that the evidence fails to support the trial court's finding that sufficient certainty existed as to the basic contractual terms.

■ However, our resolution of this issue does not mean that the husband should not be required to pay a portion of the attorney fees. When an attorney renders services, upon request or employment, without agreement as to his fee, he or she is entitled to a fair, just, and reasonable compensation, which is measured by the reasonable value of the services rendered to the client. *People v. Nutt*, 696 P.2d 242 (Colo.1984); *Wall v. Lindner*, 159 Colo. 83, 410 P.2d 186 (1966). In other words, the fee may be awarded in *quantum meruit. Wall v. Lindner, supra;* Annot., 57 A.L.R. 3d 475 (1974).

■ Here, the husband consulted with the attorney for the purpose of drafting the settlement agreement of the parties and, at least initially, availed himself of the attorney's services. Under these circumstances, the trial court may order the husband to pay reasonable attorney fees for those services after a further hearing.

Thus, on remand, the trial court must determine whether to award a reasonable fee for the services rendered. As a predicate to any such award, there must be proof of reasonableness premised on considerations of the amount of fees charged, the time spent by the attorney, the services rendered, and the prevailing rates in the community. *See In re Marriage of Sarvis*, 695 P.2d 772 (Colo.App.1984).

We decline to address the husband's contentions concerning the applicability of § 14–10–119, C.R.S. (1987 Repl.Vol. 6B). The attorney here sought to recover his fees pursuant to a contract theory and disavowed any reliance on § 14–10–119, C.R.S. (1987 Repl.Vol. 6B), both in the trial court and in this appeal. In light of this disposition, we need not address the husband's remaining contentions.

The order is vacated and the cause is remanded for further proceedings consistent with this opinion.

PIERCE and CRISWELL, JJ., concur.