Ronald P. BYERLY, Plaintiff–Appellant,

v.

KIRKPATRICK PETTIS SMITH POLIAN,
INC., d/b/a Kirkpatrick Pettis, a Nebras-
ka corporation, Defendant–Appellee.

No. 98CA2487.

Colorado Court of Appeals,
Div. III.

Jan. 20, 2000.

Miller, Jester & Kearney, LLC., Elizabeth L. Kearney, Brent R. Ruther, Denver, Colorado, for Plaintiff–Appellant.

McGloin Davenport Severson & Snow, Eric A. Beltzer, Denver, Colorado; Cline Williams Wright Johnson & Oldfather, Mary Kay Frank, Omaha, Nebraska, for Defendant–Appellee.

Opinion by Judge PLANK.

Plaintiff, Ronald P. Byerly, appeals an order compelling him to arbitrate a dispute with his former employer, defendant Kirkpatrick Pettis Smith Polian, Inc., and a subsequent order declining to vacate the arbitration award. We affirm.

Plaintiff was employed by defendant as a securities broker for nearly two years. During the course of that employment, plaintiff and defendant entered into negotiations regarding the terms of a prospective employment contract. Although defendant eventually signed an undated draft of the contract, plaintiff did not.

To qualify for employment with defendant, plaintiff was required to execute a "Uniform Application for Securities Industry Registration or Transfer," commonly known as a Form U–4, and to maintain his license to sell securities. The Form U–4 executed by plaintiff includes the following language:

THE APPLICANT MUST READ THE FOLLOWING VERY CAREFULLY

. . . .

5. I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations indicated ... as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

Plaintiff's Form U–4 indicates that he requested registration with the National Association of Securities Dealers (NASD), of which defendant is a member. The NASD rules require, among other things, the arbitration of disputes arising from any aspect of the employment, or the termination from employment, of an "associated person" by a member. NASD, *Code of Arbitration Procedure* § 10201(a) (1996). Plaintiff concedes he is an "associated person" and that defendant is a member of the NASD.

Plaintiff was terminated from employment by defendant, and he brought suit for damages alleging breach of contract, promissory estoppel, and violation of the Colorado Wage Claim Act, § 8–4–101, et seq., C.R.S.1999. Defendant filed a motion seeking a stay of the proceedings and an order compelling arbitration, which the trial court granted. Plaintiff appeals that order.

The parties then engaged in arbitration pursuant to the NASD rules. Without making any specific findings, the panel of three arbitrators ruled unanimously in favor of defendant, and accordingly dismissed all of plaintiff's claims. Plaintiff sought to have the arbitration award set aside on various grounds in the trial court. The trial court denied such relief, and plaintiff also appeals that order.

I.

Plaintiff first contends that the trial court erred when it stayed the proceedings and compelled him to arbitrate his claims. He asserts that there was no agreement between the parties to arbitrate and that public policy forbids the arbitration of wage claims. We disagree.

## A.

Numerous decisions from other jurisdictions have held that the arbitration clause of Form U–4 is generally enforceable between a NASD or other exchange member and its registered employees in employment disputes of all kinds, including compensation disputes, age and sex discrimination suits, and claims of wrongful discharge. *See, e.g., Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (age discrimination claim brought by terminated broker); *McGinnis v. E.F. Hutton & Co.,* 812 F.2d 1011 (6th Cir.1987) (wrongful discharge claim brought by registered non-broker employee); *Henderson v. Tucker, Anthony & RL Day,* 721 F.Supp. 24 (D.R.I.1989) (compensation, wrongful discharge and bad faith claims brought by terminated broker); *Grote v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 682 So.2d 926 (La.App.1996) (wage claims brought by terminated broker employees); *see also Young v. Prudential Insurance Co.,* 688 A.2d 1069, 297 N.J.Super. 605 (1997) (registered employee required to arbitrate all claims against employer except those relating to its insurance business, which is expressly excluded from arbitration under NASD rules).

■ Colorado public policy strongly favors the resolution of disputes through arbitration. Colo. Const. art. XVIII, § 3; *Camelot Investments, LLC v. LANDesign, LLC,* 973 P.2d 1279 (Colo.App.1999). Although no Colorado appellate decision has addressed this issue, in light of the strong public policy favoring arbitration, we are persuaded that the authorities cited above, and others reaching the same conclusion, are correct. We therefore conclude that the agreement to arbitrate found in plaintiff's Form U–4 is binding on him and may be enforced by defendant unless, as plaintiff argues, that agreement was superseded by the purported employment contract.

## B.

Plaintiff asserts that the employment contract supersedes the agreement to arbitrate employment disputes because it does not mention arbitration and contains the following integration clause:

> This Agreement supersedes any previous agreements between [defendant] and [plaintiff] and contains the entire understanding and agreement between them relating to [plaintiff's] employment with [defendant].

Defendant asserts that there is no contract because the parties never did reach an agreement on terms, pointing out that plaintiff did not sign the draft agreement.

■ The existence of a contract is generally a question of fact to be determined by the finder of fact based upon the evidence presented. *In re Marriage of O'Brien,* 759 P.2d 826 (Colo.App.1988). Here, however, the trial court did not rule on the existence of the alleged contract between the parties but instead ruled that the contract, if it did exist and the terms were as set forth in the draft agreement, nevertheless would not supersede the Form U–4 agreement to arbitrate. We agree with the trial court's ruling.

■ Even if the parties had entered into the written contract as plaintiff alleges, he was required by that contract to maintain in good standing his "Series 24" license to sell securities. Plaintiff concedes that, to comply with that term of the contract, he was required to complete the Form U–4 and abide by the NASD rules. Thus, all the terms and conditions in the Form U–4 and the NASD rules were, in effect, incorporated into the employment contract, which was otherwise silent as to arbitration of disputes. We conclude that the trial court did not err when it determined that the purported contract would not supersede the agreement to arbitrate in the Form U–4. *See First Liberty Investment Group v. Nicholsberg,* 145 F.3d 647 (3d Cir.1998).

## C.

Plaintiff also contends that it would violate § 8–4–125, C.R.S.1999, of the Wage Claim Act, as well as the legislative intent behind that act and general public policy, to compel arbitration of his claim for commissions allegedly earned during his employment but not paid by defendant. We disagree.

■ We first note that there is no general public policy that precludes enforcement of statutory rights, including the right to collect wages earned but not paid, through arbitration. *Gilmer v. Interstate/Johnson Lane Corp., supra.*

The Wage Claim Act provides substantive rights and a comprehensive scheme for employees to collect wages wrongfully withheld by their employers. Any agreement between employer and employee purporting to waive the employee's procedural and substantive rights pursuant to the act is void. Section 8–4–125, C.R.S.1999. In *Lambdin v. District Court,* 903 P.2d 1126 (Colo.1995), our supreme court held that an agreement to arbitrate a claim for wages in another state and under that state's law is void as a waiver of the important procedural and substantive rights guaranteed by the act. However, because the parties there did not argue the question of whether the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq. (1999), preempted § 8–4–125, the supreme court expressly declined to rule on that issue.

The U.S. Supreme Court has held that the FAA preempted a state wage claim statute that authorized an action in the state courts to collect wages regardless of "the existence of any private agreement to arbitrate." *Perry v. Thomas,* 482 U.S. 483, 484, 107 S.Ct. 2520, 2523, 96 L.Ed.2d 426, 432 (1987). A division of this court applied the holding in *Perry* in determining that the FAA expressly preempts § 8–4–125. *Grohn v. Sisters of Charity Health Services Colorado,* 960 P.2d 722 (Colo.App.1998).

■ In the context of plaintiff's claim for unpaid commissions at issue here, and mindful that there is no general policy against enforcing statutory claims through arbitration, we perceive no practical distinction between the wage statute preempted by the FAA in *Perry* and § 8–4–125. Accordingly, we agree with the holding in *Grohn* and conclude that the FAA preempts § 8–4–125 to the extent that an agreement to arbitrate a dispute relating to employee compensation is not void and that public policy is not thereby offended.

Hence, we perceive no error in the trial court's decision to stay the proceedings and compel arbitration of all of plaintiff's claims.

## II.

Plaintiff also contends that the trial court erred when it declined to set aside the arbitration award because, he asserts, the arbitrators acted in an arbitrary and capricious manner and the award violates Colorado law. Again, we disagree.

## A.

■ The FAA preempts state law only to the extent that such laws purport to invalidate otherwise enforceable agreements to arbitrate. Where the FAA applies and the trial court has found a valid and enforceable agreement to arbitrate, the resulting arbitration thereafter proceeds pursuant to state procedural and substantive law. *Great Western Mortgage Corp. v. Peacock,* 110 F.3d 222 (3d Cir.1997).

■ Pursuant to the Uniform Arbitration Act as adopted in Colorado (UAA), an arbitration award may be set aside only if it was obtained through fraud or corruption, there was no agreement to arbitrate, or the arbitrators were not impartial, exceeded their powers, or otherwise conducted the proceedings in a manner that prejudiced the substantial rights of a party. Section 13–22–214(1), C.R.S.1999; *McNaughton & Rodgers v. Besser,* 932 P.2d 819 (Colo.App.1996). Arbitrators are not bound by any particular substantive or procedural rules of law unless the agreement to arbitrate so provides. *Cabus v. Dairyland Insurance Co.,* 656 P.2d 54 (Colo.App.1982). The arbitrators do not exceed their powers by rendering a decision that is contrary to the rules of law that would have been applied by a court, so long as there is no violation of an express term of the agreement to arbitrate. *Giraldi v. Morrell,* 892 P.2d 422 (Colo.App.1994). Unless the agreement to arbitrate provides otherwise, the arbitrators have the authority to decide all contested issues of fact and law properly presented for decision. *Container Technology Corp. v. J. Gadsden Pty., Ltd.,* 781 P.2d 119 (Colo.App.1989).

Here, plaintiff argues that the arbitration award must be vacated because the arbitrators exceeded their authority by refusing to apply substantive rules of Colorado law. He supports this contention by noting that, in briefing the issues for the arbitrators, both parties cited predominantly Colorado authorities. However, nothing in the record suggests that the parties agreed to be bound by Colorado law, and the agreement to arbitrate is itself silent on this issue. *See Giraldi v. Morrell, supra.* Moreover, nothing in the record suggests what law, if any, the arbitrators selected to decide the issues presented. Instead, plaintiff in effect seeks to overturn the arbitration award on the merits by arguing that the arbitrators improperly applied Colorado law to the facts as he perceives them. We agree with the trial court's finding that the arbitration award is consistent with Colorado law and the conclusion that "the arbitrators resolved contested factual issues against plaintiff."

## B.

Plaintiff nevertheless argues that, pursuant to the FAA and federal cases construing it, an arbitration award may be set aside as exceeding the powers of the arbitrators if the award is arbitrary and capricious or manifests a complete departure from the law. *See Borden v. Hammers,* 941 F.Supp. 1170 (M.D.Fla.1996) (recognizing a non-statutory basis for setting aside an arbitration award if it is arbitrary and capricious); *Checkrite of San Jose, Inc. v. Checkrite, Ltd.,* 640 F.Supp. 234, 237 (D.Colo.1986) (court may set aside arbitration award only "if the arbitrator operated in manifest disregard of the law"). We are not persuaded.

As noted above, the FAA does not preempt state procedural and substantive law relating to arbitration. *See Great Western Mortgage Corp. v. Peacock, supra.* Pursuant to the express language of the UAA, the party seeking to set aside an arbitration award must assert one of the five enumerated grounds for relief or the award will be affirmed. Section 13–22–214, C.R.S.1999; *Red Carpet Armory Realty Co. v. Golden West Realty,* 644 P.2d 93 (Colo.App.1982). Because plaintiff has not asserted any of the statutory grounds for relief, we perceive no error in the trial court's decision affirming the arbitration award.

The orders are affirmed.

Judge TAUBMAN and Judge ROY concur.