**CONTAINER TECHNOLOGY CORPORATION, Plaintiff–Appellant,**

v.

**J. GADSDEN PTY., LTD., Defendant–Appellee.**

**No. 88CA0235.**

Colorado Court of Appeals,
Div. V.

May 18, 1989.

Rehearing Denied June 15, 1989.

Certiorari Denied Oct. 10, 1989.

120

Butler, Landrum & Pierce, P.C., Robert G. Pierce, Lakewood, for plaintiff-appellant.

Grant, McHendrie, Haines and Crouse, P.C., Richard A. Marsh, Denver, for defendant-appellee.

Opinion by Judge METZGER.

Plaintiff, Container Technology Corporation (Container), appeals the summary judgment confirming an arbitration award entered in favor of defendant, J. Gadsden Pty., Ltd. (Gadsden). We affirm.

The parties' contract dispute was submitted to arbitration and the arbitrators awarded Gadsden $44,937. Container filed an application to set aside the award, asserting that the arbitrators failed to follow the terms of the parties' contract, gave undue weight to hearsay testimony, and thus, violated the Uniform Arbitration Act (the Act). Sections 13–22–201, et seq., C.R.S. (1987 Repl.Vol. 6A).

Container then sought to depose the arbitrators, and Gadsden objected, contending that Container's proposed inquiry into the thought processes of the arbitrators was not authorized by the Act. The trial court refused to allow the arbitrators to be deposed and granted summary judgment confirming the arbitration award in favor of Gadsden. This appeal followed.

It has long been the policy of this state to foster and encourage the use of arbitration as a method of dispute resolution. *See* Colo. Const. art. XVIII, § 3; *Judd Construction Co. v. Evans Joint Venture,* 642 P.2d 922 (Colo.1982). The Uniform Arbitration Act, adopted to establish a statutorily based scheme of arbitration, states as its purpose: "To validate voluntary written arbitration agreements, make the arbitration process effective, provide necessary safeguards, and provide an efficient procedure when judicial assistance is necessary."

Section 13–22–202, C.R.S. (1987 Repl.Vol. 6A).

Judicial confirmation of an arbitration award is an often-used method of judicial assistance and usually includes only a few, relatively simple procedures. *See* C.R.C.P. 109. And, for several reasons, confirmation is the rule rather than the exception.

■ An arbitration award is tantamount to a judgment and is entitled to be given such status by the court which reviews it. *Columbine Valley Construction Co. v. Board of Directors*, 626 P.2d 686 (Colo. 1981). Thus, when a party attacks the validity of an arbitration award, he bears the burden of sustaining the attack. *Ormsbee Development Co. v. Grace*, 668 F.2d 1140 (10th Cir.1982).

■ The issues before the court in a confirmation proceeding are limited by the terms of the Act. *Judd Construction Co. v. Evans Joint Venture, supra.* Parties who agree to submit matters to arbitration are presumed to have agreed that everything, both as to law and fact, necessary to render an ultimate decision, is included in the authority of the arbitrator. *Continental Materials Corp. v. Gaddis Mining Co.*, 306 F.2d 952 (10th Cir.1962).

Thus, an arbitration award is not open to review on the merits. *Checkrite of San Jose, Inc. v. Checkrite, Ltd.*, 640 F.Supp. 234 (D.Colo.1986). This includes asserted errors in determining the credibility of witnesses, the weight to be given to their testimony, and the determination of factual issues. *Sterling Colorado Beef Co. v. United Food & Commercial Workers*, 767 F.2d 718 (10th Cir.1985).

Also, the merits of the award include the arbitrators' interpretation of the contract. The rationale for vesting contract interpretation in the province of the arbitrators is expressed in *United Steel Workers v. American Manufacturing Co.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960): "It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business

overruling him because their interpretation of the contract is different from his."

With these principles in mind, we address Container's assertions of error.

Relying on *Twin Lakes Reservoir & Canal Co. v. Platt Rogers, Inc.*, 112 Colo. 155, 147 P.2d 828 (1944), Container first argues that the trial court erred in prohibiting it from taking the depositions of the arbitrators. We disagree.

The court in *Twin Lakes Reservoir & Canal Co. v. Platt Rogers, Inc., supra,* held that the testimony of arbitrators may be admitted in a confirmation hearing to determine "what took place before the arbitrators, what was in controversy and what matters entered into the decision." Container asserts that this language authorizes it to inquire into the arbitrators' assessment of the evidence and their thought processes in reaching the award. We do not agree.

In *Twin Lakes,* after both parties had completed the presentation of their respective cases, the arbitrators determined that the evidence was insufficient to allow them to reach a decision. Accordingly, they hired an engineer to do a survey, had several conversations with him and his staff outside the presence of the parties, and also hired a private legal advisor without furnishing reports of their consultations with him to the parties. Thus, the court allowed the arbitrators to be deposed and to testify in order to ascertain the information they obtained in these various meetings held outside the presence of the parties.

■ Here, the facts are quite different. All evidence was presented to the arbitrators during a five-day hearing at which both parties were present. The parties did not dispute what occurred during the arbitration so they did not need to depose the arbitrators to ascertain what occurred.

We conclude that deposing arbitrators for the purpose of essentially reconstructing a record of arbitration proceedings bears no similarity to an inquiry into the arbitrators' thought processes. Container freely admits that the latter was the pur-

pose of its proposed depositions, and it is that purpose which is uniformly disallowed since it, of necessity, involves a review on the merits. *Checkrite of San Jose, Inc. v. Checkrite, Ltd., supra. See generally* Annot., 80 A.L.R.3rd 155 (1977). Consequently, we conclude that the trial court correctly prohibited Container from deposing the arbitrators.

Container next contends that the trial court erred in entering summary judgment in Gadsden's favor. Again, we disagree.

In its motion to set aside the arbitration award, Container asserted the arbitrators had exceeded their powers by allowing credits to which Gadsden was not entitled, disregarding the contract terms, substituting costs for contract price on various items, rewriting the contract, and allowing credits for which there was no contract provision.

The grounds for setting aside an arbitration award are limited by the Act; an unfavorable interpretation of a contract is not a basis to set aside an arbitration award. *See* §§ 13–22–214(1) and 13–22–215(1), C.R.S. (1987 Repl.Vol. 6A); *see also Judd Construction Co. v. Evans Joint Venture, supra.* Moreover, because an inquiry into arbitrators' interpretation of a contract is an inquiry into the merits, it is not allowed. *United Steel Workers v. American Manufacturing Co., supra.*

Since all of Container's allegations are predicated upon the arbitrators' unfavorable interpretation of the contract, it failed to state a valid ground to set aside the award. Therefore, entry of summary judgment was correct.

The judgment is affirmed.

CRISWELL and HUME, JJ., concur.