**Lyndsay GIRALDI, By and Through her parents and next friends, Gloria GIRALDI and Mark Giraldi, Plaintiff–Appellant,**

v.

**Don L. MORRELL, M.D., Defendant–Appellee.**

**No. 93CA1128.**

Colorado Court of Appeals, Div. I.

Oct. 6, 1994.

Rehearing Denied Nov. 10, 1994.

Certiorari Denied April 3, 1995.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

Law Offices of John R. Holland, P.C., John R. Holland, Kim L. Morris, Denver, for plaintiff-appellant.

Johnson, Ruddy, Norman & McConaty, P.C., Thomas H. Anderson, Brian G. McConaty, Denver, for defendant-appellee.

Opinion by Judge RULAND.

Plaintiff, Lyndsay Giraldi, appeals from the district court judgment confirming the arbitrator's award in favor of defendant, Don L. Morrell, M.D. We affirm.

Plaintiff, a child, brought this medical malpractice action against defendant, her pediatrician. She alleged that defendant was negligent in failing to diagnose her hearing loss or to refer her to another physician for testing and diagnosis. As a result, she claimed that an avoidable condition developed involving discharge of fluids from her ears that caused a permanent hearing loss.

After discovery in the litigation was completed, the parties entered into a written agreement for submission of the claim to a named arbitrator. The agreement required the arbitrator to apply the standard of care applicable to pediatricians in resolving the negligence issue. After a hearing, the arbitrator issued a written award in favor of defendant.

Plaintiff then filed a motion in district court to vacate the award. Plaintiff asserted that the arbitrator had exceeded his powers under the arbitration agreement by applying an "experienced adult" standard to measure defendant's conduct, instead of the "pediatric standard of care." Plaintiff also asserted that there was "evident partiality" on the part of the arbitrator because certain of his family members were either physicians or nurses. Plaintiff indicated that if those family relationships had been disclosed before the arbitration, she would not have accepted the arbitrator. The district court confirmed the award.

## I.

Plaintiff first contends that the district court erred in concluding that the arbitrator did not ignore the standard of care required under the arbitration agreement in resolving the negligence issue. We are not persuaded.

In resolving any challenge to an arbitration award, the issues before the court are limited to whether a reason to vacate, modify, or correct the award is established under the provisions of the Uniform Arbitration Act. If not, the award must be approved.

424

Sections 13–22–213 to 13–22–215, C.R.S. (1987 Repl.Vol. 6A); *Judd Construction Co. v. Evans Joint Venture*, 642 P.2d 922 (Colo. 1982).

■ One of the statutory grounds for vacation of an award is that the arbitrator exceeded the powers granted in the arbitration agreement. Section 13–22–214(1)(a)(III), C.R.S. (1987 Repl.Vol. 6A). It is not sufficient under this standard to argue merely that the arbitrator committed an error of law on the merits. *See Container Technology Corp. v. J. Gadsden Pty., Ltd.*, 781 P.2d 119 (Colo.App.1989). Rather, plaintiff must establish that the arbitrator exceeded the powers granted in the agreement by refusing to apply or ignoring the legal standard agreed upon by the parties for resolution of the dispute. *See Cabus v. Dairyland Insurance Co.*, 656 P.2d 54 (Colo.App.1982).

Here, contrary to plaintiff's contention, we conclude that the language of the award fails to demonstrate that the arbitrator ignored the contract and applied a wholly different standard of care.

The arbitrator stated that the factual issue presented was:

whether the speech and language difficulties described to [defendant] by [plaintiff's mother] were, when considered with [defendant's] conversation with [plaintiff], such as to suggest a hearing difficulty and *require referral by a reasonably prudent medical specialist.*

(emphasis supplied)

He noted that the expert testimony presented in the hearing was inconsistent and was based on varying assumptions by the experts both about the examinations made by defendant and about the concerns expressed to defendant by plaintiff's mother.

The arbitrator also found that, during the relevant time period, plaintiff was regularly observed and informally evaluated by her kindergarten teacher and a speech/language teacher. According to the arbitrator's findings, each of these individuals discussed plaintiff's speech with her mother and received the same or more information than defendant. Both individuals had extensive experience in evaluating the language development of a six-year-old, but neither individual suspected any hearing difficulty.

The arbitrator concluded:

Although the standards of care are necessarily different, the consistency of observation establishes that [plaintiff's] speech patterns did not suggest a hearing difficulty to the experienced adults considering her speech patterns. The evidence is therefore insufficient to establish that [defendant] was negligent in failing to refer [plaintiff] for evaluation by an Audiologist.

■ While the award might have been worded more precisely, as we read the entire document, the arbitrator employed the standard of care required by the contract. We view the arbitrator's reference to observations by "experienced adults" as reflecting the weight he gave to the evidence relative to plaintiff's symptoms and specifically the lack of evidence to indicate any hearing disorder that would alert defendant to the problem under the applicable standard of care. We have no authority to reweigh that evidence. *See South Washington Associates v. Flanagan*, 859 P.2d 217 (Colo.App.1993); *Container Technology Corp. v. J. Gadsden Pty., Ltd.*, supra. Thus, there is no statutory basis to set aside the award.

II.

Plaintiff also contends that the district court erred in failing to set aside the award based upon the arbitrator's family relationships with certain health care professionals that were not disclosed prior to entry of the award. Specifically, the record reflects that the arbitrator's father-in-law and his brother-in-law are physicians and that his mother and sister-in-law are nurses. Plaintiff maintains that these relationships create "an impression or appearance of possible bias and evident partiality" requiring vacation of the award. Again, we disagree.

■ Contrary to plaintiff's argument, the applicable statute does not grant the district court authority to vacate an arbitrator's award based on "an impression or appearance of possible bias" or "possible leanings, biases, or sympathies." Rather, the statute

expressly requires a showing of "evident partiality." Section 13–22–214(1)(a)(II), C.R.S. (1987 Repl.Vol. 6A).

 This language of the statute is unambiguous, and thus, it must be applied as written, giving effect to the common and accepted meaning of the words used. *See Griffin v. S.W. Devanney & Co.*, 775 P.2d 555 (Colo.1989).

The common and accepted meaning of "evident" is "clear to the understanding," and the term is synonymous with "obvious," "manifest," "apparent," "patent," "plain," "clear," "distinct," and "palpable." *Webster's Third New International Dictionary* 789; *see Wyndham v. Haines*, 305 Md. 269, 503 A.2d 719 (1986); *Belen v. Allstate Insurance Co.*, 173 Mich.App. 641, 434 N.W.2d 203 (1988). "Partiality," of course, refers to an inclination to favor one side over the other. *Webster's Third New International Dictionary* 1647.

In our view, the mere fact that some of the arbitrator's relatives were health care professionals does not establish, in and of itself, that the arbitrator had obvious or manifest partiality with regard to the outcome of the proceeding. *See Safeco Insurance Co. v. Stariha*, 346 N.W.2d 663 (Minn.App.1984) (neutral arbitrator's failure to disclose former attorney/client relationship with law firm representing insured did not demonstrate "evident partiality" where former relationship was not long-standing or repeated).

As a result, and contrary to plaintiff's contention, we may not impose upon the arbitrator a duty under the statute to disclose this information in advance of any hearing. Instead, the responsibility for obtaining this type of information must rest upon the parties through appropriate inquiries of the proposed arbitrator prior to approval of that individual to resolve the dispute.

The judgment is affirmed.

METZGER and ROY, JJ., concur.