**McNAUGHTON & RODGERS, a Colorado general partnership, and Stutz & Miller, a Colorado general partnership, Plaintiffs–Appellees,**

v.

**Bruce R. BESSER, Defendant–Appellant.**

**No. 94CA1944.**

Colorado Court of Appeals,
Div. V.

May 2, 1996.

Rehearing Denied June 27, 1996.

Certiorari Denied March 10, 1997.

---

Stutz & Miller, Paul G. Urtz, Denver, for Plaintiffs–Appellees.

Lohf, Shaiman & Jacobs, P.C., Don D. Jacobson, Denver, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Bruce Besser, appeals the district court judgment confirming an arbitrator's award settling his fee dispute and malpractice claims against plaintiffs, McNaughton & Rodgers and Stutz & Miller. We affirm.

Besser hired the law firm of McNaughton & Rodgers to perform real estate transactional work. Dissatisfied, he took his business to the firm of Stutz & Miller. Still dissatisfied, Besser retained a third law firm to complete his real estate transactions. When Besser refused to pay balances of about $7,000 claimed by McNaughton & Rodgers and about $11,000 claimed by Stutz & Miller, the two firms sued to recover the fees. Besser denied owing any fees and asserted counterclaims for malpractice against both law firms.

After much initial litigation, Besser and plaintiffs entered into an agreement for the arbitration of their fee disputes through the use of the Denver Bar Association's Legal Fee Arbitration Committee (DBA Committee). The arbitration contract provided that: (1) it would be governed by the DBA Committee's by-laws; the Uniform Arbitration Act, § 13–22–201, et seq., C.R.S. (1987 Repl. Vol. 6A); and Colorado law generally; (2) the DBA Committee's decision would be final and binding and could be entered as a judgment; and (3) the DBA Committee also could determine Besser's malpractice counterclaims.

Three attorneys from the DBA Committee were selected to serve as the fact-finding panel and were so notified in writing. The notification listed the names of the parties to the dispute and scheduled the hearing for February 28, 1994.

Since none of the parties had the hearing transcribed, the record is sparse. However, certain facts are undisputed.

At the commencement of the hearing, one panel member disclosed that she knew three of the attorneys in the plaintiff law firms. Nevertheless, she stated that her acquaintance with these attorneys would not compromise her impartiality. Besser immediately moved for her recusal and requested that the hearing be postponed for the convening of a new panel. The panel chair denied Besser's motions, and Besser participated in the hearing under protest.

Following the hearing, the panel of three arbitrators presented its report to the full DBA Committee, which announced its award in April 1994. The Committee awarded McNaughton & Rodgers $4,683.15, and awarded Stutz & Miller $12,877.63. The committee did not mention Besser's counterclaim for malpractice in its award and Besser's later written request asking the Committee to reconsider the award received no response.

Plaintiffs filed a motion in the district court to confirm the award. Besser filed an objection, asserting that he had been denied an impartial tribunal because of the one panel member's alleged conflict of interest. He attached no affidavits to his motion, but characterized the panel member's disclosure as a statement that "she was personally and professionally acquainted with" principals of the plaintiff law firms. Besser claimed prejudice because the disclosure by the panel member was not made until the hearing had begun, and because the panel chair had refused to postpone the hearing. Besser asked that the matter be stayed and remanded to the DBA Committee for further consideration of the panel member's alleged conflict.

In May 1994, the district court confirmed the award. It acknowledged its authority under § 13–22–214(1)(a)(II), C.R.S., (1987

Repl.Vol. 6A) to vacate the award upon a finding of "evident partiality," but found that the one panel member's acquaintance with some of the plaintiff attorneys did not meet this standard. The court also found no evidence of misconduct in the arbitration panel chair's decision not to continue the hearing following the disclosure. Besser's motion to vacate the award was denied.

## I.

Besser first contends that he is entitled to a new arbitration hearing because of the "evident partiality" of one of the arbitrators and the late disclosure of her relationship with the plaintiff. We disagree that reversal is warranted here.

The issues before a court upon review of an arbitration award are limited to those enumerated in §§ 13–22–214 and 13–22–215, C.R.S. (1987 Repl.Vol. 6A). *See* § 13–22–213, C.R.S. (1987 Repl.Vol. 6A); *In re Marriage of Gavend,* 781 P.2d 161 (Colo.App. 1989) (court must follow statutory grounds and may not review merits of arbitrators' decision).

Once entered, an arbitration award is like a judgment. The party challenging its validity bears a heavy burden of establishing sufficient evidence of partiality. *Container Technology Corp. v. J. Gadsden Pty., Ltd.,* 781 P.2d 119 (Colo.App.1989).

In the absence of appropriate grounds to modify, vacate, or correct an award, a trial court is required to affirm the award without review of the merits. *Judd Construction Co. v. Evans Joint Venture,* 642 P.2d 922 (Colo.1982) (arbitrators are final judges of both fact and law on issues submitted for arbitration).

Besser relies upon § 13–22–214(1)(a)(II) which provides for vacation of an award when: "[t]here was *evident partiality* by an arbitrator appointed as a neutral ...." (emphasis added)

Arbitrators must maintain the highest degree of impartiality in deciding disputes. *See Noffsinger v. Thompson,* 98 Colo. 154, 54 P.2d 683 (1936) (vacating award where one of three arbitrators essentially admitted his predisposition to rule in favor of one party). However, evident partiality is a fact-sensitive standard. It depends on the nature of the conflict between the arbitrator and the party, the issues being arbitrated, and the structure of the arbitration agreement.

This rule is exemplified by *Giraldi v. Morrell,* 892 P.2d 422 (Colo.App.1994), which involved the arbitration of a medical malpractice claim. The arbitrator was not a doctor himself and did not know the defendant doctor. After losing the arbitration, the Giraldis attacked the arbitrator's impartiality because he had failed to disclose that some of his relatives were health care professionals. A division of this court rejected the argument, and held that this attenuated relationship was too weak to establish evident partiality. Therefore, disclosure was not required.

In summary, arbitrators have a duty to disclose any potential conflict which could constitute evident partiality—that is, a relationship which would persuade a reasonable person that the arbitrator is likely to be partial to one side in the dispute. *Giraldi v. Morrell, supra.* Evident partiality has been found when a reasonable person would have to conclude that an arbitrator would be predisposed to favor one party to the arbitration. *Morelite Construction Corp. v. New York City District Council Carpenters Benefit Funds,* 748 F.2d 79 (2d Cir.1984). Some facts indicating bias include pecuniary interest, familial relationship, and the existence of an adversarial or sympathetic relationship. *See* Pantle, *The Duty of Attorney as Arbitrator to Disclose Possible Bias,* 18 Colo. Law. 895 (1989); Koncilja, *A Solitary Voice Against ADR,* Colorado Court (Fall 1995) (newsletter of the Colorado Judicial Department) (discussing the need for rules to govern alternative dispute resolution). *Cf.* American Arbitration Association, Commercial Arbitration Rule 19 (requiring arbitrators to disclose possible conflicts to the Association, which then informs the parties and renders a conclusive decision regarding whether the arbitrator should be disqualified). *See also Dowd v. First Omaha Securities Corp.,* 242 Neb. 347, 495 N.W.2d 36

(1993) (acknowledging that, absent an outright admission by the biased party, partiality may be very difficult to show).

■ Here, because arbitration proceedings are informal and typically are not recorded, we have no transcript of the hearing. Nor were affidavits submitted by counsel concerning the nature of the arbitrator's relationship to plaintiffs' attorneys. All we know from the limited record before us is that the arbitrator disclosed the relationship before the hearing began and that the panel chair did not consider it sufficient to warrant recusal. In Besser's objection to confirmation of the arbitration award, he did not assert the precise nature of the panel member's relationship with the plaintiff lawyers, other than the fact that she "was personally and professionally acquainted" with them.

Under these circumstances, we thus conclude the trial court did not err in determining that Besser had failed to assert sufficient facts to show "evident partiality" under § 13–22–214(1)(a)(II).

In view of this conclusion, we do not address Besser's additional contention that the trial court erred in determining that the presence of two other neutral panel members insulated the proceedings from any potential taint.

## II.

Besser next claims that the award must be vacated because it addressed only the fee dispute and made no mention of Besser's counterclaims for malpractice. Again, we disagree.

■ In the copy of the arbitration contract appended to Besser's brief, the matter of the malpractice counterclaims appears as a typed-in footnote at the bottom of the document. The copy of the contract in the official record has no such addendum. It is Besser's responsibility to assemble a record which accurately reflects the proceedings below. C.A.R. 10(b) and 10(e). When there is a discrepancy between a party's appellate brief and the official record, we are bound by the record. *Colorado National Bank–Boulder v. Zerobnick & Sander, P.C.*, 768 P.2d 1276 (Colo.App.1989).

■ Further, the addendum in Besser's copy of the arbitration contract states that: "[T]he Committee may determine Client's counterclaim for breach of contract and professional negligence and may make such award as is appropriate." A reasonable interpretation of the Committee's silence on this issue is that it felt that no award was appropriate.

■ Also, Besser has raised this issue for the first time on appeal. We have no way of knowing whether Besser pressed his malpractice claims at the hearing. However, after the Committee issued its award which resolved the fee dispute but did not mention the malpractice claims, Besser did not mention this omission in any of his subsequent communications with the Committee, in his motions to the district court, or in his notice of appeal. Again, it is Besser's responsibility to provide an adequate record on appeal and, given this limited record, we consider any error to have been waived. *See In re Marriage of Christen*, 899 P.2d 339 (Colo.App. 1995).

Besser relies on *In re Arbitration between Lynch & Three Ponds Co.*, 656 P.2d 51 (Colo. App.1982) and seeks to avoid waiver by characterizing the issue as jurisdictional. However, *Lynch* involved a situation in which an arbitrator decided matters beyond the scope of the arbitration agreement. There, a division of this court held that the arbitration was valid for the matters submitted, but that the portion of the arbitrator's award resolving matters not submitted was void for lack of jurisdiction.

In contrast, here, the Committee decided nothing beyond the scope of the arbitration agreement and, thus, did not exceed its jurisdiction.

The judgment confirming the arbitration award is affirmed.

TAUBMAN and CASEBOLT, JJ., concur.