COORS BREWING COMPANY,
Plaintiff–Appellee,

v.

Federico CABO, an individual, and
Corporacion Calfik, S.A. de C.V.,
Defendants–Appellants.

No. 03CA2452.

Colorado Court of Appeals,
Div. A.

Dec. 16, 2004.

Certiorari Denied May 31, 2005.*

Dorsey & Whitney LLP, Tucker K. Trautman, Van Aaron Hughes, Gregory S. Tamkin, Denver, Colorado, for Plaintiff–Appellee.

Haddon, Morgan, Mueller, Jordan, Mackey & Foreman, P.C., Norman R. Mueller, Rachel A. Bellis, Denver, Colorado, for Defendants–Appellants.

DAVIDSON, Chief J.

Defendants, Federico Cabo and Corporacion Calfik, S.A. de C.V., appeal from the judgment of the trial court confirming an arbitration award in favor of plaintiff, Coors Brewing Company. We affirm.

---

* Chief Justice MULLARKEY and Justice MARTINEZ would grant as to the following issues: When the arbitration agreement specifies the law the arbitrator must apply to resolve the issues presented, will an arbitrator's manifest disregard for that law satisfy the "exceeded [his] powers" provision of the CUAA and CRUAA.

When the arbitration agreement specifies application of Colorado law to resolve questions of contract interpretation, will the arbitrator's manifest disregard for the bedrock principles of that law warrant a court order vacating an arbitration award under the "exceeded [his] powers" provision of the CUAA.

On May 19, 2000, Coors purchased an equity interest in Cerveceria Mexicana (CerMex), a Mexican brewery. This transaction was embodied in a Master Agreement and a Stock Purchase Agreement. Coors, Cabo, and Calfik were signatories to these agreements. The Master Agreement designated Colorado law as governing its enforcement and interpretation and contained an arbitration provision.

Coors subsequently sought indemnification from Cabo and Calfik for costs incurred by Coors to correct allegedly inaccurate representations and warranties in the Master Agreement and the Stock Purchase Agreement. Pursuant to the Colorado Uniform Arbitration Act of 1975 (CUAA), Colo. Sess. Laws 1975, ch. 154, § 13–22–205 at 574 (now recodified with amendments as the Colorado Revised Uniform Arbitration Act of 2004 (CRUAA), § 13–22–211, C.R.S.2004), an arbitrator was appointed to resolve the dispute.

An arbitration proceeding was conducted and an award was issued. Pursuant to request, the arbitrator issued a modified and corrected award. Defendants then petitioned the trial court to vacate, modify, or correct the award. The court affirmed the arbitrator's decision.

On appeal, defendants contend the arbitration award should be vacated because the arbitrator exceeded his power by misinterpreting the Master Agreement and the Stock Purchase Agreement in "manifest disregard of Colorado law." In a related argument, defendants contend the trial court erred because in its judgment it did not explicitly recognize that the arbitrator was required to apply Colorado law. We disagree with both contentions.

## I.

The CUAA governs this dispute and neither party contests its application. The CUAA establishes five grounds under which a court may vacate an arbitration award. [T]he court shall vacate an award where:

(I) The award was procured by corruption, fraud, or other undue means;

(II) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(III) The arbitrators exceeded their powers;

(IV) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing ... as to prejudice substantially the rights of a party; or

(V) There was no arbitration agreement ... and the party did not participate in the arbitration hearing without raising the objection.

Colo. Sess. Laws 1975, ch. 154, § 13–22–214(1)(a) at 576 (now recodified with amendments as § 13–22–223(1), C.R.S.2004). Defendants contend that an arbitrator's "manifest disregard of the law" should operate as an implied ground for vacating an award under former § 13–22–214(1)(a)(III), which permits vacation of an award where the arbitrator exceeds his powers, or as an additional, nonstatutory ground. We disagree.

### A.

An arbitrator's manifest disregard of the law is a federal common law ground for vacating an arbitration award under the Federal Arbitration Act (FAA), which was drawn from dictum in the Supreme Court decision, *Wilko v. Swan*, 346 U.S. 427, 436–37, 74 S.Ct. 182, 187–88, 98 L.Ed. 168 (1953) ("the interpretations of the law by the arbitrators in contrast to manifest disregard are not subject, in the federal courts, to judicial review for error in interpretation"), *overruled on other grounds by Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989). The Supreme Court, however, has never elucidated the precise meaning of the phrase, but has apparently approved of its use in the review of arbitration awards. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942, 115 S.Ct. 1920, 1923, 131 L.Ed.2d 985 (1995) ("parties [are] bound by [an] arbitrator's decision not in 'manifest disregard' of the law").

Consequently, the federal circuit courts' definitions and applications of the manifest disregard of the law standard are varied.

*See Williams v. Cigna Fin. Advisors Inc.*, 197 F.3d 752, 761–62 (5th Cir.1999) (noting the various applications). While all circuits agree that manifest disregard of the law is more than mere legal error, *see, e.g., Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997), they do not agree as to how much more.

Although variations exist even within some of the circuits, several common approaches to expressing the manifest disregard of the law standard are apparent. Generally, many of the circuits require, in a variety of articulations, that the governing law be well defined and the record indicate that the arbitrator willfully ignored the governing law. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933–34 (2d Cir.1986) ("The error must have been obvious and capable of being readily and instantly perceived .... Moreover, the term 'disregard' implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it.... The governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable." (citations omitted)); *see also Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 937 (10th Cir. 2001); *Barnes v. Logan*, 122 F.3d 820, 821–22 (9th Cir.1997); *Prudential–Bache Sec., Inc. v. Tanner*, 72 F.3d 234, 239 (1st Cir. 1995); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir.1995); *Lee v. Chica*, 983 F.2d 883, 885 (8th Cir.1993); *Upshur Coals Corp. v. United Mine Workers*, 933 F.2d 225, 228 (4th Cir. 1991); *News Am. Publ'ns, Inc. Daily Racing Form Div. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir.1990); *Sargent v. Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529, 532 (D.C.Cir.1989).

The Fifth Circuit, in contrast, does not inquire into the arbitrator's subjective disregard of the law and, instead, asks whether it is manifest that the arbitrator acted contrary to the applicable law and whether enforcing the award would result in significant injustice. *See Williams v. Cigna Fin. Advisors Inc., supra*, 197 F.3d at 758–59. The Seventh Circuit recently determined its version of the standard was limited to cases where the arbitrator actually directs the parties to violate nonderogable rules of law. *See George Watts & Son, Inc. v. Tiffany & Co.*, 248 F.3d 577, 580–81 (7th Cir.2001). The Eleventh Circuit has only applied the manifest disregard of the law standard where the arbitrators were blatantly urged by one of the parties to disregard the law and the award expressly noted that it did not follow the law. *See Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456, 1461 (11th Cir. 1997).

Some state courts have adopted the manifest disregard of the law standard as a nonstatutory ground to review arbitration awards governed by their states' Uniform Arbitration Act (UAA). A majority of these courts appear to use the standard's general formulation, as expressed in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker, supra*, 808 F.2d at 934, that the arbitrator deliberately ignored the well-defined governing law. *See Garrity v. McCaskey*, 223 Conn. 1, 612 A.2d 742, 747 (1992); *Colchoneria Jiron, S.A. v. Blumenthal Print Works, Inc.*, 629 So.2d 1288, 1290 (La.Ct.App.1993); *Geissler v. Sanem*, 285 Mont. 411, 949 P.2d 234, 237–38 (1997); *Graber v. Comstock Bank*, 111 Nev. 1421, 905 P.2d 1112, 1116 (1995); *Buzas Baseball, Inc. v. Salt Lake Trappers, Inc.*, 925 P.2d 941, 950–51 (Utah 1996).

In *Geissler*, the Montana Supreme Court reasoned that such review was necessary because it was "the better reasoned approach and more consistent with [the court's] responsibility to uphold the laws" of Montana. *Geissler v. Sanem, supra*, 949 P.2d at 237.

At least one court has created its own formulation of the manifest disregard of the law standard. *See Detroit Auto. Inter–Ins. Exch. v. Gavin*, 416 Mich. 407, 442, 331 N.W.2d 418, 434 (1982) "Where it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error of law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and the decision will be set aside." (quoting *Howe v. Patrons'*

*Mut. Fire Ins. Co.,* 216 Mich. 560, 185 N.W. 864, 867–68 (1921)).

At the same time, numerous other states have declined to expand the grounds for judicial review of an arbitration award under the UAA to include an arbitrator's manifest disregard of the law. A majority of these courts rejected the standard because it was not articulated in their state statutes, which listed the exclusive grounds upon which an arbitration award could be vacated, and they were "not free to add language, nor to ignore language, contained in statutes." *SIGNAL Corp. v. Keane Fed. Sys., Inc.,* 265 Va. 38, 574 S.E.2d 253, 257 (2003); *see also Progressive Data Sys., Inc. v. Jefferson Randolph Corp.,* 275 Ga. 420, 568 S.E.2d 474, 475 (2002); *Stifel, Nicolaus & Co. v. Francis,* 872 S.W.2d 484, 486 (Mo.Ct.App.1994); *Fernandez v. Farmers Ins. Co.,* 115 N.M. 622, 857 P.2d 22, 26 (1993); *Arnold v. Morgan Keegan & Co.,* 914 S.W.2d 445, 450 (Tenn.1996); *Action Box Co. v. Panel Prints, Inc.,* 130 S.W.3d 249, 252 (Tex.App.2004). In *Arnold,* the Tennessee Supreme Court further reasoned that adoption of the standard would undermine the effectiveness of arbitration. *Arnold v. Morgan Keegan & Co., supra,* 914 S.W.2d at 452; *see also Fernandez v. Farmers Ins. Co., supra,* 857 P.2d at 26–27.

### B.

No Colorado appellate court has approved of the manifest disregard of the law standard to review an arbitration award in a case governed by the CUAA, although one division of this court has indirectly addressed the issue. In *Byerly v. Kirkpatrick Pettis Smith Polian, Inc.,* 996 P.2d 771, 774–75 (Colo.App. 2000), the division refused to vacate an arbitration award on the ground that the award was in manifest disregard of the law. Although the case was apparently governed by the FAA, the division determined that the FAA did not preempt or add to the grounds articulated in the CUAA for vacating a judgment. *Byerly v. Kirkpatrick Pettis Smith Polian, Inc., supra,* 996 P.2d at 775. However, in *1745 Wazee LLC v. Castle Builders Inc.,* 89 P.3d 422, 425 (Colo.App.2003), another division of this court held that where an award is governed by the FAA, a court could

vacate the award on the ground that it was "against public policy," another nonstatutory standard created by federal common law, *see Montes v. Shearson Lehman Bros., supra,* 128 F.3d at 1460, and, in addition, declined to follow *Byerly* to the extent the two decisions were in conflict. Neither opinion directly addressed whether the manifest disregard of the law standard for vacatur of an arbitration award could be used in cases governed by the CUAA.

Although no Colorado appellate court has applied the manifest disregard of the law standard to an award governed by the CUAA, neither has a Colorado appellate court expressly rejected such an application. And the recently enacted CRUAA does not address the issue. *See, e.g.,* Carr et al., *Colorado's Revised Uniform Arbitration Act,* 33 Colo. Law. 11, 16 (Sept.2004).

### C.

■ We decline to adopt an arbitrator's manifest disregard of the law as a ground for vacating an arbitration award under the CUAA, either as arising from former § 13–22–214(1)(a)(III) or as a nonstatutory common law ground.

### 1.

As discussed, former § 13–22–214(1)(a) limits judicial vacatur of an arbitration award to five grounds. These grounds are exclusive, *see State Farm Mut. Auto. Ins. Co. v. Cabs, Inc.,* 751 P.2d 61, 65 (Colo.1988) ("[t]he only permitted defenses to a request for confirmation of an arbitration award are those outlined in [former] sections 214 and 215"); *Foust v. Aetna Cas. & Ins. Co.,* 786 P.2d 450, 451 (Colo.App.1989), and in their absence the "court shall confirm the award." Colo. Sess. Laws 1975, ch. 154, § 13–22–213 at 576 (now recodified with amendments as § 13–22–222(1), C.R.S.2004); *see also State Farm Mut. Auto. Ins. Co. v. Cabs, Inc., supra,* 751 P.2d at 66 (noting that this language is "mandatory"); *McNaughton & Rodgers v. Besser,* 932 P.2d 819 (Colo.App. 1996).

Nevertheless, defendants contend, former § 13–22–214(1)(a)(III)—as one of the five

grounds upon which an arbitration award may be vacated—should be interpreted to encompass the manifest disregard of the law standard. We disagree.

Former § 13–22–214(1)(a)(III) requires a court to vacate an award where arbitrators are shown to have "exceeded their powers." An arbitrator's power, however, is strictly defined by the terms of the arbitration agreement as contracted by the parties. *See Cabus v. Dairyland Ins. Co.,* 656 P.2d 54, 56 (Colo.App.1982) ("arbitrators are not bound by either substantive or procedural rules of law, except as required under the terms of the arbitration agreement"). Thus, giving the words of former § 13–22–214(1)(a)(III) their plain and ordinary meaning, *see Carlson v. Ferris,* 85 P.3d 504, 508 (Colo.2003), we conclude an arbitrator can exceed such power only when the award goes beyond the scope of the arbitration agreement. This interpretation is consistent with earlier Colorado appellate decisions which indicate that an arbitrator exceeds his powers "where 'a portion of an arbitration award … goes beyond the matters submitted to the arbitrator for resolution.' " *Kutch v. State Farm Mut. Auto. Ins. Co.,* 960 P.2d 93, 98 (Colo. 1998) (quoting *State Farm Mut. Auto. Ins. Co. v. Cabs, Inc., supra,* 751 P.2d at 66); *State Farm Mut. Auto. Ins. Co. v. Stein,* 886 P.2d 326, 328 (Colo.App.1994) ("If an arbitrator makes an award which is outside the scope of the issues submitted, that portion of the award which goes beyond the matters submitted to it for resolution is void for lack of jurisdiction.").

In contrast, the manifest disregard of the law standard looks to the arbitrator's treatment of the legal dispute and, under the definition provided by most jurisdictions, to whether such treatment deliberately ignored well-defined governing law. But an arbitrator does not necessarily exceed his power when he does not properly apply the law. *See Giraldi v. Morrell,* 892 P.2d 422, 424 (Colo.App.1994) ("It is not sufficient under this standard to argue merely that the arbitrator committed an error of law on the merits."); *see also, e.g., State Farm Mut. Auto. Ins. Co. v. Broadnax,* 827 P.2d 531, 545 (Colo.1992) ("[I]n the absence of specific contractual directions [a reviewing court] may not vacate an arbitration award even if the arbitrator misapplied applicable rules of law.").

Indeed, an arbitrator's interpretation of the law is largely immaterial to the analysis under former § 13–22–214(1)(a)(III). The CUAA states that "[n]otwithstanding the provisions … of this subsection … the fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award." Colo. Sess. Laws 1975, ch. 154, § 13–22–214(1)(b) at 576 (now recodified with amendments as § 13–22–222(2), C.R.S.2004). To say that an arbitrator who manifestly disregards the law exceeds his authority is not consistent with this provision. *See, e.g., People v. Luther,* 58 P.3d 1013, 1015 (Colo.2002) (the court must construe a statute as a whole in order to give "consistent, harmonious and sensible effect to all its parts"). Thus, we conclude, the inquiry under former § 13–22–214(1)(a)(III) concerns whether an arbitrator acted within the scope of his contractual authority, not whether the arbitrator's legal rulings were correct.

In addition, contrary to defendants' contention, *Giraldi v. Morrell, supra,* does not construe former § 13–22–214(1)(a)(III) to encompass the manifest disregard of the law standard. In *Giraldi,* a division of this court stated that an arbitrator exceeds his authority when he "refus[es] to apply or ignore[s] the legal standard agreed upon by the parties for resolution of the dispute." *Giraldi v. Morrell, supra,* 892 P.2d at 424. *Giraldi* is consistent with *Kutch, supra,* 960 P.2d at 98. *Giraldi* does not posit that an arbitrator's misapplication of the law constitutes an excess of authority. Rather, *Giraldi* states that an arbitrator's refusal to apply the *agreed upon legal standard* constitutes an excess of authority.

2.

To the extent defendants contend the manifest disregard of the law standard should be judicially adopted as a matter of common law as a ground to vacate an arbitration award, we also disagree.

First, as noted, the vacatur of an arbitration award is limited to five exclusive statutory grounds, and we have concluded that the manifest disregard of the law standard is not one of them. Colorado enacted the CUAA to establish a statutory scheme of arbitration, and the role of the courts in considering arbitration awards is strictly limited by this scheme. *Judd Constr. Co. v. Evans Joint Venture*, 642 P.2d 922, 924 (Colo.1982); *see also Water Works Employees Local 1045 v. Bd. of Water Works*, 44 Colo.App. 178, 615 P.2d 52 (1980). As such, the CUAA "sets out in precise detail the rules which apply concerning confirmation of an arbitration award, and the methods by which a party may request the court to vacate or modify such an award." *State Farm Mut. Auto. Ins. Co. v. Cabs, Inc., supra,* 751 P.2d at 65. Indeed, the Colorado Supreme Court, when addressing whether a trial court properly issued a consolidation order, suggested in dictum that courts may not have "the authority to deviate from the mandatory directives of the [CUAA]." *Judd Constr. Co. v. Evans Joint Venture, supra,* 642 P.2d at 926.

Former § 13–22–202 states in pertinent part that the purpose of the CUAA is to "provide an efficient procedure when judicial assistance is necessary" to support an arbitration agreement. Colo. Sess. Laws 1975, ch. 154, § 13–22–203 at 573. And, as noted, in the absence of a statutory ground for vacatur, former § 13–22–213 mandates confirmation of an award. *See also State Farm Mut. Auto. Ins. Co. v. Cabs, Inc., supra,* 751 P.2d at 66.

■ Thus, the CUAA is in derogation of the common law and must be strictly construed. *See Van Waters & Rogers, Inc. v. Keelan,* 840 P.2d 1070, 1076 (Colo.1992). In consideration of this construction, and of the strictly limited statutory scope of review, it is not for this court to impose an additional, nonstatutory ground. *See, e.g., Stifel, Nicolaus & Co. v. Francis, supra,* 872 S.W.2d at 486 ("The judiciary is limited to vacating an arbitration award only on those grounds set forth in statute."); *SIGNAL Corp. v. Keane Fed. Sys., Inc., supra,* 574 S.E.2d at 257 ("Conspicuously missing from this [arbitration] statute is a provision that permits a

court to vacate a judicial award when the arbitration panel has exhibited a 'manifest disregard of the law.' ").

Furthermore, we note, the General Assembly had an opportunity to expressly include the manifest disregard of the law standard as a ground for vacatur when enacting the CRUAA and did not. Section 13–22–223(1), C.R.S.2004; *see, e.g., Vaughan v. McMinn,* 945 P.2d 404, 409 (Colo.1997) ("the legislature is presumed to be aware of the judicial precedent in an area of law when it legislates in that area" and "is presumed to adopt the construction which prior judicial decisions have placed on particular language when such language is employed in subsequent legislation").

Moreover, Colorado public policy strongly favors resolution of disputes through arbitration, *see Huizar v. Allstate Ins. Co.,* 952 P.2d 342, 346 (Colo.1998), and Colorado has a history of encouraging and supporting the use of arbitration to resolve disputes. *See* Colo. Const. art. XVIII, § 3; *Peterman v. State Farm Mut. Auto. Ins. Co.,* 961 P.2d 487, 493 (Colo.1998) ("Our constitution, our statutes and our case law all support agreements to arbitrate disputes."); *Judd Constr. Co. v. Evans Joint Venture, supra,* 642 P.2d at 924 ("it has long been the policy of this state to foster and encourage the use of arbitration as a method of dispute resolution").

Arbitration provides a convenient, speedy, and efficient alternative to litigation by allowing "the parties to agree upon an alternate nonjudicial forum to resolve disputes which is simpler and more expedient than normally encountered in our judicial system." *City & County of Denver v. Dist. Court,* 939 P.2d 1353, 1362 (Colo.1997); *see also Huizar v. Allstate Ins. Co., supra,* 952 P.2d at 348.

The use of the manifest disregard of the law standard would weaken the effectiveness and legitimacy of arbitration. Judicial disapproval of awards, even the possibility of such disapproval, would increase costs, reduce efficiencies, and generally chip away at the finality of arbitral awards. We agree with the reasoning of the Tennessee Supreme Court, which stated that:

The reason for attaching such a high degree of conclusiveness to an award made by arbitrators is that the parties have, themselves, by agreement, substituted a tribunal of their own choosing for the one provided and established by law, to the end that they may avoid the expense usually incurred by litigation and bring the cause to a speedy and final determination. To permit a dissatisfied party to set aside the arbitration award and to invoke the Court's judgment upon the merits of the cause would render arbitration merely a step in the settlement of the dispute, instead of its final determination.... Thus, the finality and enforceability of an arbitration award is a characteristic of arbitration that distinguishes it from other forms of alternative dispute resolution. Its integrity must not be undermined or compromised, but preserved and enhanced.

*Arnold v. Morgan Keegan & Co., supra,* 914 S.W.2d at 452; *see also Fernandez v. Farmers Ins. Co., supra,* 857 P.2d at 26 ("Should this Court interpret the Arbitration Act to allow impeachment of awards based on honest errors of the arbitration panel, arbitration would be transformed from a final determination of the controversy into merely the first step in the resolution of a dispute.").

The efficiencies associated with arbitration would be reduced further by the varying definitions of, and difficulties of applying, the manifest disregard of the law standard. *See, e.g., Williams v. Cigna Fin. Advisors Inc., supra,* 197 F.3d at 758–59. Such variations would undercut the certainty of otherwise binding arbitration awards. And, even though the manifest disregard of the law standard is arguably difficult to satisfy, no doubt litigants would frequently request that the courts examine awards on such a basis. Moreover, were the manifest disregard of the law standard adopted, the potential for adopting other judicially-created grounds for reviewing awards may be perceived as more probable, again compromising arbitration efficiencies.

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. Art.VI, § 5(3), and

## II.

We now address the merits of defendants' contentions. As noted, arbitration awards are not open to review on the merits, *see Container Tech. Corp. v. J. Gadsden Pty., Ltd.,* 781 P.2d 119, 121 (Colo.App.1989), and the arbitrator is the final judge of both fact and law. *See Judd Constr. Co. v. Evans Joint Venture, supra,* 642 P.2d at 925.

Also, as discussed, under former § 13–22–214(1)(a)(III), a court must vacate an award when an arbitrator exceeds his authority, and an arbitrator exceeds his authority when he "refus[es] to apply or ignor[es] the legal standard agreed upon by the parties for resolution of the dispute." *Giraldi v. Morrell, supra,* 892 P.2d at 424.

Here, the legal standard, as agreed upon by the parties in the arbitration agreement, was Colorado law. And, from our review of the record, we conclude that the arbitrator did not ignore or refuse to apply it. It is obvious that in interpreting the Master Agreement and the Stock Purchase Agreement, the arbitrator relied upon Colorado case law and, in fact, relied on Colorado law throughout the award. As the trial court stated, there simply "is no persuasive evidence that the arbitrator exceeded his jurisdiction or refused to apply or ignored the legal standard agreed upon by the parties." Furthermore, the court's failure to state overtly that the arbitrator was required to apply Colorado law is, under these circumstances, harmless.

Based on our disposition, we do not address the other issues raised by the parties.

The judgment is affirmed.

Judge PIERCE** and Judge NEY** concur.

§ 24-15-1105, C.R.S. 2004.