20CA1246 Marriage of MacKenzie 10-21-2021 COLORADO COURT OF APPEALS Court of Appeals No. 20CA1246 City and County of Denver District Court No. 19DR30646 Honorable Ericka F.H. Englert, Judge In re the Marriage of John Jason MacKenzie, Appellee, and Kelie Gwen Plank-MacKenzie, Appellant. JUDGMENT AFFIRMED AND CASE REMANDED WITH DIRECTIONS Division II Opinion by JUDGE BERGER Román and Yun, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced October 21, 2021 Colorado Family Law Project, Maha Kamal, Denver, Colorado, for Appellee Gill & Ledbetter, LLP, Anne Whalen Gill, Castle Rock, Colorado, for Appellant 
1 ¶ 1 In this dissolution of marriage case between Kelie Gwen Plank-
MacKenzie (wife) and John Jason MacKenzie (husband), wife appeals the district court’s confirmation of an arbitration award concerning the division of their marital estate, entered after the court denied her motion to vacate, modify, or correct the award. We affirm the judgment and remand the case for further proceedings on appellate attorney fees. I. Background ¶ 2 After approximately two years of marriage, husband initiated the dissolution proceeding. The parties attended mediation, which resulted in a partial property settlement agreement. As well, they agreed to participate in another mediation session and to submit any issues unresolved after the second mediation to binding arbitration. The partial property settlement agreement provided that the “[a]rbitrator shall follow the Colorado substantive law.” The parties later executed a mediation and arbitration services agreement, which reiterated that the arbitrator had the power to make a summary decision on all issues unresolved through mediation. 
2 ¶ 3 The second mediation session was unsuccessful, and the matter proceeded to arbitration. The arbitrator (who also acted as the mediator) issued three partial arbitration awards that, collectively, resolved the division of property and debt. In the end, the arbitrator divided the marital estate relatively equally, with each party receiving approximately $60,000 in assets and $40,000 in debts. As relevant, the arbitrator found the following:  The arbitrator recognized that the parties received rental properties in the partial property settlement agreement, and he directed that each party was responsible for returning the rental security deposit to their respective tenants, even though both security deposits had been placed into a bank account allocated to husband. The arbitrator accounted for the respective security deposits ($2,000 for each property) as a marital debt.  The arbitrator found that husband and wife paid for their attorney fees on their marital credit cards — approximately $6,600 for wife and approximately $27,000 for husband. He divided the credit card debt between the parties, declining to make any adjustment to 
3 the property division for husband’s greater expenditure of marital funds for attorney fees.  The arbitrator found that husband would incur costs for moving and storing his furnishings because he was unable to move into the real property he received in the partial property settlement agreement. The arbitrator estimated these costs ($1,500 for a storage unit and $2,000 to move) and included them as marital debts allocated to husband.  The arbitrator rejected wife’s argument that husband had separate premarital credit card debt, finding that, while the premarital credit card was in husband’s name, wife also contributed to the debt incurred on that credit card.  The arbitrator found that, before the marriage, wife earned substantially more income than husband but, during the marriage, she was voluntarily unemployed. The arbitrator further found that wife had recently obtained a job and her current earnings were expected to surpass husband’s earnings. 
4  The arbitrator found that wife had separate property and debt worth $622,606 and that husband had separate property and debt worth $314,474, which he set aside before dividing the marital estate. ¶ 4 Husband then asked the district court to confirm the collective arbitration award. Wife objected and filed a motion to vacate, modify, or correct the arbitration award. As relevant, she argued that the court must vacate the award because the arbitrator exceeded his powers and demonstrated evident partiality. ¶ 5 The district court denied wife’s motion and confirmed the arbitration award. It rejected her arguments that the arbitrator exceeded his powers, finding that her complaints were merely an improper attempt to challenge the merits of the arbitrator’s award. And it concluded that wife failed to demonstrate any evident partiality by the arbitrator. ¶ 6 The court also determined that wife’s motion lacked substantial justification, and it awarded husband the attorney fees he incurred responding to the motion. 
5 ¶ 7 The court later entered a decree that dissolved the marriage and adopted the arbitration award as its permanent orders.1 II. Arbitration Award ¶ 8 Wife contends that the district court erred by confirming the arbitration award. She argues that the partial property settlement agreement required the arbitrator to follow “Colorado substantive law,” and the arbitrator exceeded his powers by not applying that law when dividing the marital estate. We discern no error. A. Applicable Law ¶ 9 A district court may vacate an arbitration award only under limited statutory circumstances. See § 13-22-223(1), C.R.S. 2020; Treadwell v. Vill. Homes of Colo., Inc., 222 P.3d 398, 401 (Colo. App. 2009). Absent a valid statutory ground, the court must confirm the arbitration award. § 13-22-222(1), C.R.S. 2020; see also § 13-22-
223(4). 1 After wife filed this appeal, the arbitrator issued an award to clarify the prior arbitration award and to resolve the parties’ dispute over wife’s obligation under the property settlement agreement — an issue unrelated to the contentions presented on appeal. The district court vacated this later arbitration award. This later entered order has no bearing on the resolution of the issues on appeal. 
6 ¶ 10 The court will vacate an arbitration award if it finds that the arbitrator exceeded his or her powers. § 13-22-223(1)(d). An arbitrator’s powers are strictly defined by the terms of the parties’ arbitration agreement, and the arbitrator exceeds his or her powers when the agreement’s terms are not followed. See Coors Brewing Co. v. Cabo, 114 P.3d 60, 64 (Colo. App. 2004); see also In re Marriage of Dorsey, 2014 COA 19, ¶ 11 (“An arbitrator lacks jurisdiction to decide an issue outside the scope of an arbitration agreement . . . .”). ¶ 11 An arbitrator therefore may not ignore or refuse to apply the legal standard agreed to by the parties. Giraldi v. Morrell, 892 P.2d 422, 424 (Colo. App. 1994). However, the arbitrator does not exceed his or her powers “merely” because “the arbitrator committed an error of law.” Id.; see also State Farm Mut. Auto. Ins. Co. v. Broadnax, 827 P.2d 531, 545 (Colo. 1992) (“[I]n the absence of specific contractual directions [the reviewing court] may not vacate an arbitration award even if the arbitrator misapplied applicable rules of law.”). This is so because “[t]he arbitrator is the final judge of questions of law and fact, and the award is not subject to review merely because of a claimed mistake on the 
7 merits.” In re Marriage of Gavend, 781 P.2d 161, 162 (Colo. App. 1989); see also Coors Brewing, 114 P.3d at 64. ¶ 12 Our ability to review an arbitration award therefore is narrowly defined. See Barnett v. Elite Props. of Am., Inc., 252 P.3d 14, 18 (Colo. App. 2010) (recognizing that “the standard of review of arbitral awards is among the narrowest known to law”). We may not review the arbitrator’s decisions but, instead, limit our review to the district court’s order concerning the arbitration award. See S. Washington Assocs. v. Flanagan, 859 P.2d 217, 220 (Colo. App. 1992) (“[T]his court may not review the substance or the procedure underlying the arbitration panel’s award, except insofar as the same was reviewed by the trial court.”). We review the district court’s factual findings for clear error and its legal conclusions de novo. 1745 Wazee LLC v. Castle Builders Inc., 89 P.3d 422, 425 (Colo. App. 2003). B. Nonmarital Property ¶ 13 Wife first contends that the arbitrator exceeded his powers because he did not apply Colorado substantive law when he included nonmarital assets and debts in the division of the marital estate. Specifically, she argues that the arbitrator improperly 
8 included (1) the security deposits for her and husband’s rental properties, which were the property of their tenants; and (2) husband’s separate, premarital credit card debt, which collectively distorted the arbitrator’s near-equal division of the marital estate. ¶ 14 Under Colorado law, the division of the marital estate requires the determination of whether an asset or debt is marital and subject to division or nonmarital and shielded from division. In re Marriage of Williamson, 205 P.3d 538, 540 (Colo. App. 2009); see § 14-10-
113(1), C.R.S. 2020. The classification of property as marital or nonmarital is a legal determination based on the resolution of factual disputes. Williamson, 205 P.3d at 540. ¶ 15 Nothing in the record shows that the arbitrator refused to apply or ignored Colorado law concerning the parties’ nonmarital property. To the contrary, the arbitrator specifically found that certain assets, including real estate and retirement accounts, and certain debts, including premarital and family loans, were the parties’ separate property and excluded them from the division of the marital estate. ¶ 16 Rather, as the district court found, wife’s contentions improperly attempt to review the merits of the arbitrator’s ruling, 
9 arguing that the arbitrator misapplied the law when he included the security deposits and husband’s premarital credit card debt in the division of the marital estate. But even if we were to agree that the arbitrator’s legal rulings were incorrect (an issue we do not decide), an arbitrator does not “exceed his power when he does not properly apply the law.” Coors Brewing, 114 P.3d at 64; see also Giraldi, 892 P.2d at 424. We therefore may not review the merits and propriety of the arbitrator’s legal rulings. ¶ 17 Still, wife contends that the parties’ “agreement to apply substantive Colorado law did not leave room to allow mistakes of law.” But the agreement merely provided the applicable legal standard, and an agreement to apply a specific legal standard does not, without more, permit a court to vacate an award based on the misapplication of that standard. See Coors Brewing, 114 P.3d at 66 (holding that the merits of an arbitration award could not be attacked where the parties’ agreement designated “Colorado law” as the governing legal standard). The arbitrator applied Colorado law, and the court properly declined to vacate the arbitration award based on an alleged mistake in applying it. 
10 ¶ 18 In addition to the classification of property, wife argues that the arbitrator exceeded his powers when he included husband’s moving and storage expenses as marital debts and made findings on her past and future earnings. But again, these arguments merely challenge the merits of the arbitrator’s decisions and findings, matters beyond the court’s review. See Gavend, 781 P.2d at 162; see also Barnett, 252 P.3d at 18. ¶ 19 She also suggests that the arbitrator refused to consider material evidence concerning husband’s premarital debt and her nonfinancial contributions to the marriage. However, to vacate an award based on an arbitrator’s refusal to consider evidence, the party must demonstrate that he or she was substantially prejudiced. See § 13-22-223(1)(c); Carson v. PaineWebber, Inc., 62 P.3d 996, 998 (Colo. App. 2002). Wife develops no argument in support of the alleged exclusion of her evidence, nor does she establish that she was substantially prejudiced by it. See Biel v. Alcott, 876 P.2d 60, 64 (Colo. App. 1993) (“An appealing party bears the burden to provide supporting authority for contentions of error asserted on appeal, and a failure to do so will result in an affirmation of the judgment.”). 
11 ¶ 20 We therefore discern no error by the district court in rejecting these arguments. C. Attorney Fees as Marital Debt ¶ 21 Wife next argues that the arbitrator exceeded his powers because he “placed all attorney fees in the marital debt,” which was contrary to Colorado law. She contends that attorney fees may only be allocated under section 14-10-119, C.R.S. 2020, and that such a determination must be based on the parties’ relative economic circumstances. ¶ 22 True, litigation costs associated with a dissolution proceeding may be allocated under section 14-10-119 to ensure that neither party suffers undue economic hardship as a result of that proceeding. In re Marriage of Aldrich, 945 P.2d 1370, 1377 (Colo. 1997); In re Marriage of Burford, 26 P.3d 550, 559 (Colo. App. 2001). But when those litigation costs “have already been paid, they may be allocated in the property division.” Burford, 26 P.3d at 559. ¶ 23 The arbitrator found that the parties’ credit card debt included payments of husband’s and wife’s attorney fees. The arbitrator thus determined that both parties had used marital money to pay 
12 their attorney fees and included the credit card debt in its allocation of the marital debts. In doing so, the arbitrator applied Colorado substantive law, and we discern no indication that the arbitrator exceeded his powers. See id. ¶ 24 To be sure, wife disagrees with the arbitrator’s decision and argues that the arbitrator failed to apply and follow section 14-10-
119. But again, a misapplication of the law does not amount to an excess of the arbitrator’s power or warrant the vacation of an arbitration award. See Coors Brewing, 114 P.3d at 64; see also Giraldi, 892 P.2d at 424. ¶ 25 The district court therefore did not err by declining to vacate the arbitration award. III. Attorney Fees in the District Court ¶ 26 Wife contends that the district court abused its discretion by awarding attorney fees to husband for having to respond to her motion to vacate, modify, or correct the arbitration award, arguing that she presented meritorious arguments in support of her contentions in the motion. We disagree. ¶ 27 The district court has broad discretion when determining whether to award attorney fees, and absent a showing that the 
13 court abused its discretion, we will not disturb its decision. In re Marriage of Tognoni, 313 P.3d 655, 660-61 (Colo. App. 2011). A court abuses its discretion when its decision is manifestly arbitrary, unfair, or unreasonable, or a misapplication of the law. In re Marriage of Herold, 2021 COA 16, ¶ 5. Under this standard, we consider whether the decision fell within the range of reasonable options, not whether we would have reached a different result. In re Estate of Shimizu, 2016 COA 163, ¶ 30. ¶ 28 A court may award attorney fees against a party that has brought a claim that lacked substantial justification. § 13-17-
102(4), C.R.S. 2020. A claim lacks substantial justification when, as relevant here, it is substantially frivolous. Id. A party’s contention is frivolous when the party presents no rational argument based on the evidence or law to support it. W. United Realty, Inc. v. Isaacs, 679 P.2d 1063, 1069 (Colo. 1984). ¶ 29 The district court found that each of wife’s alleged contentions presented no grounds under which it could vacate, modify, or correct the arbitration award. The court explained that many of wife’s contentions were merely “a thinly-veiled request for a review of the Arbitrator’s Awards on the merits.” And the court found that 
14 for other contentions (not reasserted on appeal), wife did not provide the court with supporting legal authority or sufficient allegations to warrant relief. ¶ 30 The record supports the district court’s conclusion that wife failed to present rational arguments in support of her motion. See Nienke v. Naiman Grp., Ltd., 857 P.2d 446, 449 (Colo. App. 1992) (A “court’s award of attorney fees is not to be disturbed on appeal if there is support in the record for the conclusion that the claim or defense advanced was frivolous . . . .”). We agree with the court that wife’s contentions concerning the arbitrator’s powers were, in fact, attempts to challenge the merits of the arbitration award, and it has been well-established that the district court does not review the propriety of the arbitrator’s legal ruling absent specific authority to do so, which did not exist here. See Coors Brewing, 114 P.3d at 64; Giraldi, 892 P.2d at 424. The record further reveals that the remaining allegations in wife’s motion lacked legal and factual support, and wife presents no argument to the contrary on appeal. ¶ 31 Under these circumstances, we cannot conclude that the district court abused its discretion by ordering wife to pay husband’s attorney fees. 
15 IV. Attorney Fees on Appeal ¶ 32 Wife and husband request an award of appellate attorney fees under section 14-10-119, both arguing that the other party has greater financial resources. See Aldrich, 945 P.2d at 1377. The district court is better equipped to determine the factual issues regarding the parties’ current financial resources. See In re Marriage of Alvis, 2019 COA 97, ¶ 30. We therefore remand this issue to the district court. See C.A.R. 39.1. ¶ 33 Husband also seeks appellate attorney fees under section 13-
17-102, arguing that wife’s appeal was substantially frivolous and groundless, and as a sanction under the mediation and arbitration services agreement for “not acting in good faith or taking an unreasonable position.” We decline to award fees under either basis. ¶ 34 First, an award of attorney fees on appeal under section 13-
17-102 “is appropriate only in clear and unequivocal cases” when the appeal itself lacked substantial justification. Shimizu, ¶ 34; see also Front Range Home Enhancements, Inc. v. Stowell, 172 P.3d 973, 977 (Colo. App. 2007). Although the district court awarded attorney fees and we determined that it did not abuse its discretion 
16 in doing so, we exercise our discretion to decline an award of such fees on appeal. See Shimizu, ¶ 34. ¶ 35 Second, we do not agree that the mediation and arbitration services agreement permits an award of appellate attorney fees. The provision relied on by husband states, “The parties agree that each party shall pay one-half of the [mediation/arbitration] fees, subject to reallocation if [the] mediator/arbitrator finds that one of the parties is not acting in good faith or taking an unreasonable position.” This provision plainly applies to the mediation and arbitration proceeding and the fees associated with it, not to any proceeding before this or any other court. V. Conclusion ¶ 36 The judgment is affirmed. We remand the case to the district court to consider the parties’ requests for appellate attorney fees under section 14-10-119. JUDGE ROMÁN and JUDGE YUN concur.